## A99A1119. FORSMAN v. THE STATE.
### (521 SE2d 410)

ELDRIDGE, Judge.

Carl A. Forsman appeals his convictions by a Fulton County Traffic Court jury for the following crimes: (1) DUI — less safe driver (OCGA § 40-6-391 (a) (1)); (2) two counts of speeding (OCGA § 40-6-181); and (3) weaving (OCGA § 40-6-48).[1] We affirm.

The facts, viewed in the light most favorable to upholding the verdict,[2] showed that, at approximately 1:45 a.m. on December 15, 1996, Forsman was driving 75 mph in a 55 mph speed zone, while "weaving from lane to lane" without using his turn signals. Atlanta Police Department Officer Michael Pulliam observed that, while Forsman was abruptly changing lanes, other drivers were forced to change lanes in order to avoid being hit by Forsman's truck. The officer followed Forsman on Interstate 75-85 north in Atlanta for approximately one to two miles before turning on his blue lights as Forsman's truck exited the interstate. Forsman did not stop right away and passed several areas where he could have pulled over before finally stopping his truck. Forsman immediately exited his vehicle and walked toward the officer; the officer testified that Forsman "was holding onto his vehicle for support." Forsman emitted a strong odor of alcohol, his skin was "blushed," and he appeared unbalanced while standing. Forsman's passenger was "extremely intoxicated." The officer asked Forsman to participate in field sobriety tests, and Forsman complied with and failed the horizontal gaze nystagmus test ("HGN") before deciding that he did not want to take additional tests. At that point, the officer arrested Forsman and placed him in the patrol car, where he gave an implied consent notice. Forsman consented to a blood alcohol test, but the results were not introduced at trial. Forsman was convicted by a jury in July 1998.[3] He timely appeals. *Held*:

1. As an initial matter, we find that the evidence presented at trial was sufficient for a rational juror to find Forsman guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, supra.

---

[1] An additional count of DUI was nolle prossed, and the speeding charges were merged for sentencing.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] In addition to the facts as presented above, the jury also heard testimony of a similar transaction which occurred in Cobb County on January 14, 1994.

2. Further, Forsman's contention that his convictions were based solely on circumstantial evidence is contrary to the record before us. The State presented both circumstantial and direct evidence, and the trial court properly charged the jury regarding its consideration of such evidence. See *Tomko v. State*, 233 Ga. App. 20, 21-22 (2) (503 SE2d 300) (1998). Accordingly, this enumeration is without merit.

3. Forsman contends that the trial court's admission of evidence regarding his refusal to perform additional field sobriety tests after the HGN violated his constitutional rights against self-incrimination under the Georgia Constitution. See Ga. Const. of 1983, Art. I, Sec. I, Par. XVI. However, it is undisputed that Forsman was not in custody at the time of his HGN test or at the time of his refusal to take additional field sobriety tests. Officer Pulliam pulled Forsman over on the basis of the traffic offenses and was entitled to temporarily detain Forsman while he determined the nature of the situation and conducted field sobriety tests. *Daugherty v. State*, 182 Ga. App. 730, 731 (2) (356 SE2d 902) (1987). "Such detentions do not trigger the requirements of *Miranda v. Arizona*[, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)]. [Cit.]" *Lankford v. State*, 204 Ga. App. 405, 406 (2) (419 SE2d 498) (1992). Since Forsman was not arrested until after he failed the HGN and refused to take additional field sobriety tests, there was no violation of his constitutional right against self-incrimination. Id. at 407. Accordingly, the evidence of Forsman's refusal was admissible and there was no error.

4. Forsman claims that the trial court's admission of the results of his breath test was a violation of his constitutional right against self-incrimination. However, no such evidence was presented at trial. This enumeration lacks merit. Further, it was wholly unsupported by citations to the record or authority and, therefore, is deemed abandoned. See Court of Appeals Rule 27 (c) (2), (3).

5. Forsman asserts that evidence seized following the traffic stop should have been suppressed because it was the result of an unlawful search. Forsman claims that the officer lacked an "articulable suspicion" that Forsman was under the influence of drugs or alcohol or that he had committed a crime. See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

However, the officer testified that, prior to the stop, he witnessed Forsman traveling 75 mph in a 55 mph speed zone, in violation of OCGA § 40-6-181, and weaving between lanes, in violation of OCGA § 40-6-48.

> The stop of a vehicle is authorized, and not pretextual, if the officer observed a traffic offense. . . . While failure to issue a citation or even an acquittal on an underlying traffic offense is of no consequence in determining the officer's

[articulable suspicion necessary] to stop the vehicle, in this case [Forsman] was both cited for and convicted of the traffic offense[s].

(Citations and punctuation omitted.) *Hicks v. State*, 221 Ga. App. 735, 738-739 (3) (472 SE2d 474) (1996). See also *State v. Kirbabas*, 232 Ga. App. 474 (502 SE2d 314) (1998). Accordingly, this enumeration is without merit.

6. Forsman contends that the State "blatantly disregarded" a ruling[4] by the trial court regarding the inadmissibility of his statements after arrest, and that the trial court's curative instructions were so insufficient as to amount to reversible error. This enumeration has no merit.

Prior to trial, defense counsel moved to exclude certain statements made by Forsman after he was under arrest; these statements involved Forsman's concern about his dog (which was riding in the truck) and what the police would do with the dog, since Forsman had been arrested. Such motion was based on the fact that the State had failed to provide Forsman's custodial statement to the defense pursuant to his OCGA § 17-16-22 and *Brady*[5] motions for discovery. The trial court granted Forsman's motion to exclude the spontaneous statements by Forsman regarding his dog, as well as any other custodial statement that had not been provided by the State during discovery.

At trial, the State asked Officer Pulliam about the officer's observations regarding a change in Forsman's demeanor after he was placed under arrest. The officer proceeded to testify that Forsman exhibited a "change in attitude" and "began to argue with me about a pet that he had in the car, a dog, and he said what are you going to do." Following objection by defense counsel, the trial court reviewed the transcript outside the presence of the jury and specifically found that the State "did not, by the questions [the State] asked the officer, purposefully seek to avoid or neglect the Court's order . . . in this matter." The trial court then instructed the jury that the officer's response to the State's question was "improper and in violation of the previous order of the Court" and directed the jury to disregard any testimony regarding Forsman's post-arrest statements. Defense counsel did not renew his objection following such curative instructions. Accordingly, any claim of error on appeal was waived. *Jackson v. State*, 248 Ga. 480, 483 (2) (284 SE2d 267) (1981); *Ward v. State*,

---

[4] This Court notes with disapproval that, in their arguments on appeal, Forsman's appellate counsel repeatedly mischaracterized the timing, substance, and breadth of the trial court's evidentiary rulings. See also Divisions 7 and 8, infra.

[5] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

234 Ga. App. 610, 612 (2) (507 SE2d 506) (1998).

7. Forsman also asserts that the State violated a prior court order excluding testimony about an implied consent notice and challenges the trial court's failure to give a curative instruction following such testimony. Again, this enumeration lacks merit.

At trial, the State asked the officer what he did after he placed Forsman in the patrol car. The officer replied that he read Forsman the implied consent notice, and defense counsel objected. The motion hearing and trial transcripts clearly show that the trial court had *not* ruled on the issue of Forsman's implied consent prior to the testimony to which Forsman objects.

Following defense counsel's objection, the trial court prohibited the State from addressing the issue of implied consent.[6] However, when the trial court stated that it intended to instruct the jury to disregard the testimony regarding implied consent, defense counsel specifically asked the trial court *not* to give such instruction, as it would only "amplify" the issue with the jury. This was clearly a determination made by defense counsel regarding trial strategy. The trial court complied with this request. If, in fact, the failure to give a curative instruction was error, "induced error is not a proper basis for claiming prejudice. [Cits.]" *Brundage v. State*, 208 Ga. App. 58, 59 (430 SE2d 173) (1993).

8. Forsman also asserts that he received ineffective assistance of counsel at trial. Such issue was not ruled upon by the trial court. It is raised for the first time in this appeal by his appellate counsel, who was retained in March 1999, after the period for filing a motion for new trial had passed and a notice of appeal had been filed by trial counsel. Therefore, it must be concluded that this appeal was the earliest practicable moment for such issue to be addressed. *Russell v. State*, 267 Ga. 865 (485 SE2d 717) (1997); *Willingham v. State*, 235 Ga. App. 475, 477 (3) (509 SE2d 744) (1998); *Davitt v. State*, 232 Ga. App. 427, 429 (502 SE2d 300) (1998).

In cases such as this, when the issue can be decided from the record on appeal, a remand to the trial court for a ruling on this issue would be "wasteful of judicial and legal resources" and "would serve no useful purpose." (Citations and punctuation omitted.) *Elrod v. State*, 222 Ga. App. 704, 705 (475 SE2d 710) (1996), citing *Brundage v. State*, supra, and *Hutton v. State*, 192 Ga. App. 239, 243 (384 SE2d 446) (1989) (Beasley, J., dissenting in part). See also *Mackey v. State*, 235 Ga. App. 209, n. 4 (509 SE2d 68) (1998); *Pollard v. State*, 230 Ga. App. 159, 161 (495 SE2d 629) (1998); *Norman v. State*, 208 Ga. App. 830 (432 SE2d 216) (1993).

---

[6] The issue of whether this ruling was error is not before this Court.

As to the merits of Forsman's contentions,

> *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984), set the standard for evaluating a claim of ineffectiveness of counsel. Its two-prong test was acknowledged and applied by the Georgia Supreme Court in *Smith v. Francis*, 253 Ga. 782, 784 (1) (325 SE2d 362) (1985): The defendant must show (1) that his attorney's representation was deficient; and (2) that the deficient representation prejudiced his defense, i.e., that a reasonable probability exists that but for the ineffective representation the result of the proceeding would have been different. Id. at 783. Both prongs must be proved. *Thompson v. State*, 191 Ga. App. 906 (1) (383 SE2d 339) (1989).

*Norman v. State*, supra at 832. In this case, the record clearly demonstrates that trial counsel's performance was not deficient.

(a) Forsman's claim that trial counsel failed to object to certain statements by the State regarding his demeanor upon arrest, particularly statements that Forsman was silent after he was stopped by police and was "playing it cool." Forsman claims that such statements previously had been barred by the trial court. However, Forsman's citation to the record does not demonstrate such ruling, nor does this Court find any such ruling in the record. See footnote 4, supra.

Further, the State is entitled to make reasonable inferences from the evidence during argument to the jury. "The record reveals that these statements were proper inferences. See *Morgan v. State*, 267 Ga. 203 (1) (476 SE2d 747) (1996) (counsel on closing argument may draw from the evidence any reasonable and legitimate inference)." *Whatley v. State*, 270 Ga. 296, 302 (15) (a) (509 SE2d 45) (1998). There was no basis for objection for trial counsel.

(b) Forsman's claim that trial counsel was ineffective for failing to object to references regarding his refusal to submit to additional field sobriety tests is without merit, pursuant to our decision in Division 3, supra.

(c) Forsman asserts that trial counsel was ineffective for failing to argue that the State had a higher standard of proof because only circumstantial evidence was presented. However, as presented in Division 2, supra, both direct and circumstantial evidence was presented in this case.

Therefore, as the record in this case clearly demonstrates that trial counsel's performance was not deficient, it is unnecessary to address the second prong of the test under *Strickland v. Washington*, supra.

9. Pursuant to this Court's decision in the preceding divisions,

Forsman's remaining enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JULY 29, 1999 —
RECONSIDERATION DENIED AUGUST 16, 1999.

*Chestney Hawkins Law Firm, Robert W. Chestney, Gale W. Mull, Hollie G. Manheimer*, for appellant.

*Joseph J. Drolet, Solicitor, Katherine Diamandis, Assistant Solicitor*, for appellee.