## A01A0157. BRAVO v. THE STATE.
### (548 SE2d 129)

MILLER, Judge.

Convicted of DUI[1] and speeding,[2] William James Bravo appeals on two grounds: (1) the court erred in admitting his refusal to take field sobriety tests, and (2) the court erred in failing to give his requested charge that his refusal to take a chemical test was not alone sufficient to convict him of DUI. Since Bravo was not in custody at the time the officer requested the field sobriety tests, no *Miranda* warnings were required, and thus his refusal was admissible. And since the court's overall charge on the permissive inference arising from his refusal to take a chemical test was substantially accurate and complete, the requested charge, which was inapt, was unnecessary. Thus, we affirm.

An officer observed Bravo going 70 mph in a 55-mph zone and pulled him over. When he spoke to Bravo, the officer smelled a strong odor of an alcoholic beverage on Bravo's breath, saw Bravo's blood-

---

[14] Id. at 69-70.
[15] *Brown v. State*, 244 Ga. App. 440, 441-442 (1) (535 SE2d 785) (2000).
[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 40-6-181 (b) (5).

shot, watery eyes and Bravo's unsteadiness on his feet, and heard Bravo slur his speech and become argumentative. The officer requested Bravo take some field sobriety tests, which Bravo refused. Concluding that Bravo was intoxicated to the extent that he was a less safe driver, the officer arrested Bravo and, after reading him the applicable implied consent warning set forth in OCGA § 40-5-67.1 (b), asked Bravo to take a chemical breath test, which he refused.

Bravo moved in limine to exclude the testimony about his refusing to take the field sobriety tests, which the court denied. Based on the above evidence as well as the testimony of two additional witnesses who observed Bravo exhibit distinct signs of intoxication at the police station that day, the jury found Bravo guilty of DUI and speeding.

1. Evidence that an accused, who was not in custody at the time, refused to take field sobriety tests is admissible in a trial for DUI.[3] Bravo's challenges to this evidence as violative of his right to remain silent as set forth in the Fifth Amendment, the Georgia Constitution, or OCGA § 24-9-20 (a) are ineffectual since he was not under arrest and therefore the protections afforded by these provisions did not attach.[4]

2. The court charged the jury that a defendant's refusal to take a requested chemical test "may be considered as positive evidence creating an inference that the test would show the presence of alcohol. However, such an inference may be rebutted." Bravo claims error in the trial court's failing to give his requested charge that his refusal to take the requested breath test could not alone serve as the basis for a DUI conviction.[5] Bravo contends that because the court gave the jury a mandatory inference, the absence of the requested charge improperly shifted the burden of proof to him.

Bravo's premise is faulty. The charge given by the court involved a permissive, not a mandatory, inference. Instructing a jury that they "may" infer the presence of alcohol is far different from an

---

[3] OCGA § 40-6-392 (d); *Forsman v. State*, 239 Ga. App. 612, 613 (3) (521 SE2d 410) (1999); *Turner v. State*, 233 Ga. App. 413, 416-417 (1) (b) (504 SE2d 229) (1998); compare *Mackey v. State*, 234 Ga. App. 554, 556 (507 SE2d 482) (1998) (refusal to consent to a warrantless search of defendant's vehicle is quite different and is not admissible to show guilty knowledge).

[4] *Keenan v. State*, 263 Ga. 569, 571-572 (2) (436 SE2d 475) (1993); see *Forsman*, supra, 239 Ga. App. at 613 (3); *Turner*, supra, 233 Ga. App. 416 (1) (b); see generally *Lyons v. State*, 244 Ga. App. 658, 662 (2) (535 SE2d 841) (2000) (generally "no *Miranda* warnings are required while the investigating officer conducts preliminary questioning or field sobriety tests. . . .") (citations and punctuation omitted).

[5] Cf. *Brinson v. State*, 232 Ga. App. 706, 707 (503 SE2d 599) (1998) (physical precedent only) (refusal to submit to urine test was alone insufficient to sustain conviction for driving under the influence of drugs).

instruction that such fact "shall" be inferred.[6] Such permissive language does not impermissibly shift the burden of proof.[7] The court here also instructed the jury that the burden of proof rested upon the State to prove every material element of the charged crimes and that not only did the defendant bear no burden of proof but that the burden never shifted to the defendant to prove his innocence. "Accordingly, we disagree with appellant's assertion that the contested charge shifted the burden of proof to him."[8]

Moreover, Bravo's requested charge contained a reference to "legal consequences of a civil nature against a person for the refusal," which was inapplicable to the present case. "A requested charge must be legal, apt, and *precisely* adjusted to some principle involved in the case and be authorized by the evidence. If any portion of the request to charge fails in these requirements, denial of the request is proper."[9]

In view of the court's overall charge, the court did not err in refusing to give the requested charge.[10]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED APRIL 30, 2001 

*Michael E. Bergin*, for appellant.

*Carmen Smith, Solicitor-General, Jody L. Peskin, Fay I. McCormack, Assistant Solicitors-General*, for appellee.

---

[6] *Ellerbee v. State*, 215 Ga. App. 102, 104-105 (5) (449 SE2d 874) (1994).

[7] Id.; see *Parks v. State*, 180 Ga. App. 31, 32 (3) (348 SE2d 481) (1986).

[8] *Drake v. State*, 272 Ga. 797, 799 (2) (537 SE2d 336) (2000).

[9] (Punctuation and footnotes omitted; emphasis in original.) *Lane v. State*, 268 Ga. 678, 680 (2) (492 SE2d 230) (1997).

[10] See *White v. State*, 233 Ga. App. 276, 279 (4) (503 SE2d 891) (1998).