## A02A0322. BEASLEY v. THE STATE.
### (563 SE2d 909)

BLACKBURN, Chief Judge.

Following a jury trial, Freddy L. Beasley appeals his conviction for possession of a firearm by a convicted felon, driving under the influence of alcohol, driving with a suspended license, and no proof of insurance. Beasley contends that the trial court erred by (1) denying his motion to suppress and (2) failing to instruct the jury, without request, regarding the legality of police stops. For the reasons set forth below, we affirm.

1. Beasley contends that the trial court erred by denying his motion to suppress, arguing that he was stopped without the prerequisite articulable suspicion. We disagree.

On appeal from a denial of a motion to suppress, this Court must construe the evidence most favorably to uphold the ruling of the trial court. *State v. Winnie.*[1] Furthermore, the trial court's application of law to facts which are undisputed is subject to de novo review. Id.

Viewed in this light, the record shows that, at approximately 2:12 a.m. on September 22, 2000, Officer Josh Hilton was patrolling Highway 62 in his marked patrol car when he noticed a truck traveling in the opposite direction at a very low rate of speed. Officer Hilton noted both that the vehicle was weaving and that a passenger was riding in the bed of the truck. Suspecting that Beasley, the driver, might be impaired, Officer Hilton made a U-turn and began following the truck. When Officer Hilton turned around, the truck sped away, and, when Officer Hilton caught up, he paced the truck at 120 mph. When Officer Hilton activated his blue lights, Beasley pulled over to the side of the road, and a rifle was thrown out of the passenger's side of the truck.

---

[1] *State v. Winnie,* 242 Ga. App. 228, 229 (529 SE2d 215) (2000).

Officer Hilton asked Beasley, who is admittedly a previously convicted felon, to step out of the truck, and, as Beasley did so, he wobbled and was unsteady on his feet. Officer Hilton performed a pat-down search and discovered a large lock-blade knife in Beasley's pocket. Noticing the odor of an alcoholic beverage, Hilton asked Beasley why he was driving so fast, and Beasley replied that he did not have a reason. Beasley's speech was slurred as he answered. Officer Hilton then secured Beasley in his patrol car and handcuffed two men who had been riding with Beasley as passengers while waiting for another officer to arrive and help him retrieve the discarded weapon.

Officer Hilton asked Beasley if he had been drinking that night, and he responded that he had a couple of beers. Officer Hilton then asked Beasley to take an alco-sensor test which registered a positive result for alcohol, and, after running a computer check, Officer Hilton discovered that Beasley had been driving with a suspended license. In addition, Beasley had no proof that the truck he was driving was properly insured, and a shotgun, which Beasley claimed was a family heirloom, was retrieved from the side of the road by the truck.

Officer Hilton then arrested Beasley and transported him to the Calhoun County jail. Officer Hilton informed Beasley of his implied consent rights, and Beasley agreed to submit to an Intoxilyzer 5000 test. The result of the Intoxilyzer test was 0.102. The foregoing evidence was more than ample to support the jury's verdict against Beasley. *Jackson v. Virginia.*[2]

Nonetheless, Beasley argues that his initial stop was unlawful, arguing that Officer Hilton had no reasonable articulable suspicion to make the stop in accordance with *Terry v. Ohio.*[3] This argument is patently erroneous. Prior to his pursuit of Beasley, Officer Hilton noticed his truck weaving in the roadway and traveling at an extremely slow rate of speed. Based on this observation alone, Officer Hilton had a reasonable articulable suspicion to stop Beasley to determine if he was impaired. We have "specifically determined that an officer's observation of a motorist's weaving may serve as sufficient reason to warrant an investigative stop for a possible DUI violation." (Punctuation omitted.) *State v. Diamond.*[4] Then, when Officer Hilton pulled in behind Beasley, he sped off at an excessive rate of speed. At that point, Officer Hilton also had the right to stop Beasley for his speeding violation. See, e.g., *Forsman v. State.*[5]

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Terry v. Ohio,* 392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889) (1968).
[4] *State v. Diamond,* 223 Ga. App. 164, 166 (477 SE2d 320) (1996).
[5] *Forsman v. State,* 239 Ga. App. 612 (521 SE2d 410) (1999).

Contrary to Beasley's arguments, *State v. Canidate*[6] has no application to this case. In *Canidate*, the arresting officer had no basis for stopping the defendant at the time that he began following him. To the contrary, in this case, Officer Hilton had already witnessed Beasley weaving in the roadway. And, although Beasley vociferously argues that Officer Hilton was lying about the events surrounding his stop, it is axiomatic that issues of witness credibility must be considered by the trier of fact, not this Court. *Anderson v. State*.[7] It is clear that, during the hearing on the motion to suppress, the trial court found Officer Hilton to be more credible than Beasley.

2. Beasley contends that the trial court erred by failing to instruct the jury regarding the legality of his stop. As an initial matter, we point out that Beasley failed to submit requests to charge on a timely basis, and, as such, there are no written requests in the record for our review. Nevertheless, Beasley argues that the trial court was required to charge the jury on the legality of the stop because it was his sole defense.

Even assuming that the legality of the stop was Beasley's sole defense, he acquiesced in the trial court's omission of this charge and thereby waived his right to argue that the omission was erroneous. When the trial judge informed Beasley's counsel that he was not going to charge the jury regarding the legality of the stop but, instead, was "going to let the jury decide the case on the basis of the evidence that they heard and the charge of the law that I give them," Beasley's counsel replied, "Okay. . . . I can stay within the confines of that." A defendant cannot acquiesce in a trial court's ruling below and then complain about that ruling on appeal. See generally *Cobb v. State*.[8]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 10, 2002.

*Jones & Jones, L. Earl Jones*, for appellant.
*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.

---

[6] *State v. Canidate*, 220 Ga. App. 276 (469 SE2d 710) (1996).
[7] *Anderson v. State*, 267 Ga. 116, 118 (2) (475 SE2d 629) (1996).
[8] *Cobb v. State*, 236 Ga. App. 265 (511 SE2d 522) (1999).