**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 6, 2017**

# In the Court of Appeals of Georgia

A17A0051. WALLACE v. THE STATE.

BARNES, Presiding Judge.

Following a jury trial, Clarence Steven Wallace was convicted of three counts of felony theft by shoplifting and sentenced to ten years to serve as a recidivist under OCGA § 17-10-7 (a) and (c). He filed a motion for new trial alleging the general grounds, which Wallace later amended to include other claims, including ineffective assistance of counsel. The trial court denied his motion, and Wallace appeals from that order. Following our review, we affirm.

"On appeal from a criminal conviction, the defendant is no longer entitled to a presumption of innocence and we therefore construe the evidence in the light most favorable to the jury's guilty verdict." *Marriott v. State*, 320 Ga. App. 58, 58 (739 SE2d 68) (2013). So viewed, the record demonstrates that Wallace drove his co-defendant, Lebron Grady, to Whitfield County so that Grady could shoplift specific items for Wallace in order to repay a debt to Wallace. As Wallace waited in his truck,

Grady took electric toothbrushes and SD cards from a CVS Pharmacy. The men then continued the shoplifting spree, taking boots from the Tractor Supply Company, fishing reels, headphones, a cellular phone and computer from Walmart, a cellular phone booster from Radio Shack, and shoes from JCPenney. At the next stop, a liquor store, Wallace purchased a soda while Grady took two bottles of Crown Royal and started to leave the store. The owner saw him, and during an ensuing chase, Grady dropped the liquor bottle while he ran away.

Wallace picked Grady up in his truck, and, after the shop owner notified police of the theft and the type of vehicle the men were driving, police stopped the pair at a traffic stop conducted a few miles from the liquor store. After Wallace gave police permission to search the truck, police discovered the stolen items in the bed of the truck. Wallace denied participating in the crimes, but consented to a search of his person, and the police retrieved an unopened lip gloss-type product from his pocket, which was later identified as an item stolen from Walmart. Both men were arrested and indicted on three counts of felony shoplifting.

1. Wallace first contends that his felony shoplifting conviction on Count 3 of the indictment is void. He asserts that because the State used the aggregated value of the goods from the various stores to support the felony charge, the indictment had to

specify that the thefts occurred within the statutorily prescribed period of seven days or less. We do not agree.

The first count of the indictment charged Wallace with felony shoplifting for taking goods valued at more than $500 from CVS, and Count 2 charged the same for the shoplifting that occurred at WalMart. Count 3 of the indictment, however, provided, in pertinent part, that Wallace, "did take possession of . . . the property of Tractor Supply Company, . . . the property of JC Penney, . . . the property of Radio Shack, . . . and . . . the property of Cox Spirits, . . . said merchandise totaling a value greater than five hundred dollars ($500.00)."

Wallace maintains that although the State did not refer to a specific statute in the indictment, the only provision of the shoplifting statute that covers aggregation of separate misdemeanor-level thefts is OCGA § 16-8-14 (b) (3), which requires that the aggregate acts occur during a period of seven days or less. He argues that the seven-day period is a material element of the statute that the State failed to allege in the indictment, which only stated that the thefts occurred "on or about" May 27, 2014. Wallace further contends that pursuant to *Apprendi v. New Jersey*, 530 U. S. 466, 490 (IV) (120 SCt 2348, 147 LE2d 435) (2000), any fact that increases the penalty for a crime beyond the statutory maximum, other than a prior conviction, must be

submitted to a jury and proven beyond a reasonable doubt. Thus, he argues, because the time period of seven days would act to increase his crime from a misdemeanor to a felony, it was a material element of Count 3, and the jury should have been instructed to make that determination.

OCGA § 16-8-14 (b) (2), provides that a person who commits the offense of theft by shoplifting is guilty of a felony where the property stolen has a value in excess of $500, and

> [a] person convicted of the offense of theft by shoplifting, as provided in subsection (a) of this Code section, when the property which was the subject of the theft is taken from three separate stores or retail establishments within one county during a period of seven days or less and when the aggregate value of the property which was the subject of each theft exceeds $500.00 in value, commits a felony.

OCGA § 16-8-14 (b) (3).

Here, even assuming without deciding that the date was a material averment of Count 3 of the indictment and the State had to prove that the aggregate shoplifting offenses happened within a seven-day period or less, that period of time was sufficiently alleged in the indictment here by saying that the crimes occurred "on or about" May 27, 2014. Moreover, there was no fatal variance because the evidence at

4

trial demonstrated that the shoplifting that occurred at the three stores at issue in Count 3 occurred on the same day, May 27, 2014.

Likewise, Wallace's contention that his conviction under Count 3 was void under the precedent established by *Apprendi* because the aggregate crimes provision in OCGA § 16-8-14 (b) (3) increased the penalty of the crime beyond the prescribed statutory maximum is meritless. "Because the sentence at issue was within the statutory maximum and did not extend [Wallace's] punishment beyond the prescribed range supported by the jury's verdict, *Apprendi* simply does not apply to this sentencing scheme."(Punctuation omitted.) *Ray v. State*, 338 Ga. App. 822, 34-35 (8) (a) (792 SE2d 421) (2016).

2. Wallace also contends that trial counsel was ineffective for failing to impeach several witnesses, and in failing to point out during closing argument the discrepancies in certain evidence. We do not agree.

To establish ineffective assistance of counsel, Wallace must satisfy a two-prong test. He

> must show [both] that trial counsel's performance [was deficient in that it] fell below a reasonable standard of conduct and that [it was prejudicial because] there existed a reasonable probability that the outcome of the case would have been different had it not been for

counsel's deficient performance. If [Wallace] fails to [prove] either prong of the [two-part] test, this relieves the reviewing court of the need to address the other prong.

(Citations and punctuation omitted.) *Scott v. State*, 290 Ga. 883, 889 (7) (725 SE2d 305) (2012).

Wallace first contends that trial counsel was ineffective for failing to call witnesses who allegedly overheard jailhouse conversations between Grady and Wallace in which Grady told Wallace that he had told his attorney that Wallace had nothing to do with the robberies. Two of the witnesses- both who had worked in food service at the Whitfield County Jail- testified about the conversation at the motion for new trial hearing. Wallace's trial attorney testified that Wallace provided him with the names of the potential witnesses, but that in his professional opinion, testimony about jailhouse conversations between co-defendants often "did not work out favorably during the course of a trial,"and could open the door to other issues. He also said that it would be expected that Grady would tell Wallace something totally different from what he was telling his attorneys, and that their trial strategy was to discredit Grady, emphasize his extensive shoplifting history, and demonstrate the lack of evidence of Wallace's participation in the crimes.

6

"In the realm of specific decisions regarding trial strategy, and in particular decisions about which witnesses should be called to testify, defense attorneys are afforded wide discretion." (Citation and punctuation omitted.) *Muller v. State*, 284 Ga. 70, 72 (3) (663 SE2d 206) (2008). See *Perdue v. State*, 298 Ga. 841, 845 (3) (785 SE2d 291) (2016) (noting that it is well established that the decision as to which defense witnesses to call is a matter of trial strategy and tactics). Here, trial counsel testified that, based on his professional judgment, testimony about jailhouse conversations can be detrimental rather than helpful at trial, and we have held that trial counsel does not render ineffective assistance when he fails to call a witness that he determines would not be favorable for the defendant. See *Davenport v. State*, 308 Ga. App. 140, 154 (2) (b) (706 SE2d 757) (2011).

Moreover, Wallace does not demonstrate that, given the overwhelming evidence of his involvement in the crimes, there was a reasonable probability that the failure of trial counsel to call these witnesses would have resulted in a different outcome. Wallace drove Grady to the various stores, he is seen on the surveillance tape pointing out various items, Wallace is shown leaving stores shortly before Grady exits with the items, and the stolen items were located in Wallace's truck. Accordingly, this contention of ineffectiveness of trial counsel fails.

Wallace's contention that trial counsel was ineffective for not impeaching two witnesses about a discrepancy about whether all of the items stolen from Walmart were returned to the store, also fails. The record demonstrates that, according to an incident report, the lip gloss products were kept by the police for use as evidence, rather than returned to Walmart, which was contrary to the testimony of two witnesses that all of the products were returned to Walmart. Trial counsel testified at the motion for new trial hearing that he did not catch the discrepancy. But, as noted, prejudice, in addition to deficiency, must be demonstrated to establish ineffectiveness of trial counsel. Wallace has failed to show that there was a reasonable probability that the outcome would have been different if trial counsel had impeached the witnesses about the discrepancy. "With respect to prejudice, . . . [Wallace] must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Citation and punctuation omitted.) *Brown v. State*, 288 Ga. 920, 907 (5) (708 SE2d 294) (2011). Wallace has failed to do so.

Likewise, we also find meritless Wallace's contention that trial counsel was ineffective for failing to point out in his closing argument the discrepancy between

the evidence and the indictment, where the evidence demonstrated that a witness testified that "Hard Candy lip gloss" was stolen and the indictment charged Wallace with taking "lip lacquer." Wallace contends that lip gloss was the only evidence connecting Wallace to the crime, and because the closing statement was the last chance that trial counsel had to argue about the discrepancies in the evidence, trial counsel was deficient for failing to do so.

In denying the motion for new trial, the trial court found, and this Court agrees, that, based on trial counsel's testimony, trial counsel "planned his closing argument to focus on the mere presence theory [rather than evidentiary discrepancies] he was presenting for [Wallace]. Trial counsel's argument was in furtherance of the trial strategy [and] fell within the broad range of reasonable professional conduct, and was not deficient."

> [T]he *Strickland* [ *v. Washington*, 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LEd2d 674) (1984)] standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is all too tempting to second-guess counsel's assistance after conviction

or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

(Citations and punctuation omitted.) *Brown*, 288 Ga. at 907-908 (5).

In this case, the trial court did not err in rejecting Wallace's ineffectiveness claims.

*Judgment affirmed. McMillian and Mercier, JJ., concur.*