A07A2077. SMITH v. THE STATE.
(656 SE2d 574)

MILLER, Judge.

A jury convicted Victor Marshall Smith of one count of trafficking in marijuana and one count of possessing marijuana with intent to

distribute. On appeal, Smith contends that the evidence is insufficient to support his conviction for trafficking in marijuana. Discerning no error, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict; the defendant no longer enjoys the presumption of innocence; and we do not weigh the evidence or determine witness credibility. The standard of review is whether, based on the evidence of record, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Byrd v. State*, 251 Ga. App. 83 (1) (553 SE2d 380) (2001).

So viewed, the evidence shows that a DeKalb County police officer called for backup and conducted a traffic stop after a records check revealed that the pickup truck in front of him was being driven with an expired tag and that the owner of the truck was wanted on a probation violation. Upon approaching the pickup, the officer smelled what he believed was the strong odor of marijuana. After backup arrived, the officers saw two black plastic trash bags in the bed of the truck. These were loosely tied, and a green leafy substance was plainly visible protruding from both trash bags. After determining that each trash bag contained ten one-gallon, clear plastic bags filled with the substance, the police took Smith into custody as the driver of the vehicle. A one-ounce sample of the green, leafy substance was taken from one of the plastic bags which later tested positive for marijuana. Less packaging, the contents of the 20 plastic bags weighed 19.66 pounds.

Smith contends that the State failed to prove his commission of trafficking in marijuana, as alleged, because the State tested only one ounce of the substance contained in one of the plastic bags taken from his pickup. We disagree.

Although the State's expert testified that he tested only a single sample weighing 28.35 grams (one ounce)[1] of the substance seized, he also testified that he visually examined the remainder and found the contents and packaging thereof to be similar to his test sample. Thus, he offered his expert opinion that each of the plastic bags contained marijuana. It is undisputed that the contents thereof weighed 19.66 pounds. Given this evidence, we find that a rational trier of fact could have found Smith guilty beyond a reasonable doubt of trafficking in marijuana. See OCGA § 16-13-31 (c) ("Any person who knowingly sells, manufactures, grows, delivers, brings into this state, or has

---

[1] "One ounce equals 28.35 grams." *Pasuer v. State*, 271 Ga. App. 259, 260, n. 3 (609 SE2d 193) (2005).

possession of a quantity of marijuana exceeding 10 pounds commits the offense of trafficking in marijuana. . . ."); see also *Rochefort v. State*, 279 Ga. 738, 740-741 (2) (620 SE2d 803) (2005) (testing of two of 2,329 pseudoephedrine tablets sufficient to support a conviction for possession of 300 such tablets in violation of OCGA § 16-13-30.3 (b) (1)); *Jackson v. Virginia*, supra.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JANUARY 18, 2008.

*Wystan B. Getz*, for appellant.

*Gwendolyn Keyes Fleming*, District Attorney, *Daniel J. Quinn*, Assistant District Attorney, for appellee.