## S08A1101. ROSSER v. THE STATE.
(667 SE2d 62)

HUNSTEIN, Presiding Justice.

Christopher Jamael Rosser was convicted of malice murder and other crimes arising out of the shooting death of Rodney Rivers during a drug sale. He appeals from the denial of his motion for new trial.[1] For the reasons that follow, we affirm.

1. The evidence authorized the jury to find that Keno Hall met with appellant at Rachel Bisbee's apartment in a Cherokee County apartment complex seeking to purchase some marijuana. Appellant, in the presence of Hall and several other witnesses, telephoned the victim, Rodney Rivers, to arrange the drug purchase and then announced to the others his intention to rob the victim. After the victim parked his car behind another building in the complex, as

---

[1] The crimes occurred on July 10, 2005. Rosser was indicted June 13, 2006 in Cherokee County on charges of murder, armed robbery, aggravated assault, felony possession of marijuana, use of a telephone to facilitate the commission of a felony and possession of a firearm during the commission of a felony. He was found guilty of all charges on March 29, 2007 and was sentenced the next day to two life sentences for murder and armed robbery, concurrent ten and four year terms for felony marijuana possession and using a telephone to facilitate a felony and a five year consecutive term for the firearm possession conviction. The trial court merged the aggravated assault into the murder conviction. Rosser's motion for new trial, filed April 3, 2007 and amended November 21, 2007 and January 24, 2008, was denied February 14, 2008. A notice of appeal was filed February 21, 2008. The appeal was docketed March 14, 2008 and was submitted for decision on the briefs.

directed by appellant, the victim and appellant negotiated a sales price for a half ounce of marijuana. The victim opened the trunk to his car where he kept the marijuana and a set of scales. As the victim reached inside, appellant shot him twice in the head from behind. Appellant dragged the body to the side of the building, took the victim's money and marijuana from the trunk and returned to Bisbee's apartment, where he divided the money and shared the marijuana with others. Several witnesses testified that appellant bragged to them about shooting the victim.

This evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Contrary to appellant's contention, venue was sufficiently established by the lead detective's testimony that the "apartment complex" where the crimes occurred was on the "south end of the county" and Bisbee's testimony that her apartment in that complex was located in Cherokee County. See generally *Chapman v. State*, 275 Ga. 314 (4) (565 SE2d 442) (2002). Nor did the trial court err by denying appellant's motion for a directed verdict on the charge of felony possession of marijuana. The amount of marijuana was established by Bisbee's testimony that appellant returned to her apartment with "[a]bout a pound" of marijuana in a grocery bag. Although the marijuana was then divided and smoked, its nature was established by both circumstantial evidence, see *Jones v. State*, 268 Ga. App. 246, 249 (1) (601 SE2d 763) (2004) (distinguishing *Chambers v. State*, 260 Ga. App. 48 (1) (579 SE2d 71) (2003) where there is circumstantial evidence that "the defendant acts as if the substance is marijuana or treats it like marijuana or, as here, refers to it as marijuana"), and by the testimony of the marijuana analyst for the Cherokee County Sheriff's Office that she found marijuana-like substances throughout the car, including the trunk, and that the sample she subjected to testing was marijuana. See generally *Smith v. State*, 289 Ga. App. 236 (656 SE2d 574) (2008) (nature of marijuana sufficiently established by expert's testing of single sample).

2. "A criminal defendant who is not laboring under the penalty of death has no right to be present during the hearing held upon his motion for new trial. [Cits.]" *Moore v. State*, 254 Ga. 525, 531 (4) (c) (330 SE2d 717) (1985). In denying appellant's request, the trial court found that there were no allegations in the motion for new trial that required appellant's presence and expressly ruled that, should developments at the hearing indicate a need for appellant's testimony, "we would do what we had to to bring him and postpone a ruling on the matter." A review of the hearing transcript establishes that no such need arose during the proceedings. The trial court did not

violate appellant's due process rights by denying his request to be present at the motion for new trial hearing.

3. Appellant made no challenge to the composition of the traverse jury array at trial and thus waived his objection on appeal. *Clark v. State*, 255 Ga. 370 (2) (338 SE2d 269) (1986); *Williams v. State*, 210 Ga. 665 (1) (82 SE2d 217) (1954).

4. Appellant contends that he received ineffective assistance based on counsel's failures (a) to object to an allegedly improper comment made by the prosecutor during closing argument and (b) to challenge the composition of the traverse jury panel. To prevail on this claim, appellant must show both that his trial counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985).

(a) Appellant asserts that counsel performed deficiently by failing to object when the prosecutor improperly commented on his right to remain silent. In order for such remarks to constitute prosecutorial misconduct, there must be "a finding that the prosecutor's manifest intent was to comment on [appellant's] failure to testify or that the jury would naturally and necessarily understand the remarks as a comment on [appellant's] silence. [Cit.]" *Wellons v. State*, 266 Ga. 77, 86 (10) (463 SE2d 868) (1995). However, when the challenged language[2] is read in context with the comments that immediately followed,[3] we conclude that the prosecutor's remark was unlikely to be interpreted as a comment on appellant's failure to testify and was not intended to comment on appellant's decision not to testify, but was instead intended to address, albeit inartfully, appellant's closing argument challenging the veracity and motives of those witnesses who were involved in the crimes. See id. Thus, the failure of appellant's trial counsel to object to these remarks does not constitute deficient performance. See *Lampley v. State*, 284 Ga. 37 (2) (a) (663 SE2d 184) (2008).

---

[2] The prosecutor stated that "Today, Proverbs 28:13, 'He that covereth his sin shall not prosper, but who so confesses' — 'confesseth,' King James — 'and foresaketh then shall have mercy.' "

[3] The prosecutor then immediately followed the quote with the comment:
These people, they're not good people. These witnesses are not nice people. They're not people that I'd have at my home or that you'd have at yours, but they are the ones that witnessed the crime. They're the ones that witnessed [appellant] kill Rodney Rivers. They came forward. Naturally they didn't tell the truth to start with. Use you[r] common sense.

(b) Appellant contends counsel performed deficiently by failing to challenge the traverse jury array when no African-Americans were made available for jury service.

> "[T]here is no constitutional guarantee that . . . grand or petit juries, impaneled in a particular case[,] will constitute a representative cross-section of the entire community." To successfully challenge a jury array based on racial composition, purposeful discrimination must be shown. That burden is not carried by merely presenting evidence that a single jury panel contained a disproportionately small percentage of African-Americans compared to the population at large. Rather, the proper inquiry "concerns the procedures for compiling the jury lists and not the actual composition of the grand or traverse jury in a particular case."

(Footnotes omitted.) *Glass v. State*, 255 Ga. App. 390, 401 (10) (a) (565 SE2d 500) (2002). At the hearing on the motion for new trial appellant failed to demonstrate any flaw in the selection procedures used for compiling the jury list and thus did not carry his burden of showing purposeful discrimination. See *Hansley v. State*, 267 Ga. 48 (2) (472 SE2d 305) (1996). Thus, appellant cannot show that an objection to the list, had counsel raised it, would have been successful. See *Glass*, supra. We therefore conclude that the trial court did not clearly err by finding that appellant received effective assistance of counsel. See generally *Hampton v. State*, 282 Ga. 490 (2) (b) (651 SE2d 698) (2007) (court will reverse trial court's findings of fact in connection with ineffective assistance of counsel claim only where those findings are clearly erroneous).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*H. Maddox Kilgore*, for appellant.
*Garry T. Moss, District Attorney, Allen D. Morris, Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.