S10A0594. WHITE v. THE STATE.
(695 SE2d 222)

CARLEY, Presiding Justice.

A jury found Tervarius Dexter White guilty of the malice murder of Kawasikis Ricks, armed robbery, and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction on those guilty verdicts and imposed concurrent sentences of life imprisonment for the murder and armed robbery, and a consecutive five-year term for the weapons charge. A motion for new trial was denied, and White appeals.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that Justin Hall arranged for the sale of 20 pounds of marijuana by Terrance Reed to the victim in a residential subdivision. Instead of selling any marijuana, Reed planned to rob the victim and went to the subdivision with White, Clarence Benton and two others. Hall, the victim, Cornelius Hamm and one other drove to

---

[*] The crimes occurred on June 19, 2007. White was originally indicted on September 7, 2007 and tried on an indictment which was filed on June 6, 2008. The jury found White guilty on June 18, 2008, and the trial court entered the judgments of conviction and sentences on August 29, 2008. The motion for new trial was prematurely filed on August 26, 2008, amended on January 6, 2009, and ultimately denied on October 20, 2009. White filed the notice of appeal on October 29, 2009. The case was docketed in this Court on December 21, 2009, and submitted for decision on the briefs.

the subdivision and saw Benton, who acted nervous, and Hamm stated that he had "tools," meaning guns, "for guys [who] act like this[.]" Reed contacted Hall by cell phone and said to leave. After Hall's group left, Reed's group went to White's house to retrieve a shotgun, and Reed called Hall to tell him to return only with the victim.

When they returned, Hall and the victim again saw Benton, who told them to follow him around to the back of the house. After they turned the corner, White pointed the shotgun first at Hall and then the victim, and said "Give me everything you got." The victim responded "come on, man[,]" and he and Hall began running. White fatally shot the victim in the back of the neck. The victim was found lying on his back with grass in his mouth and beard, and with his shirt pulled up, his pants pulled down, his pockets extended from his pants, and a small amount of cash and marijuana in one pocket. When White returned to his group's vehicle, he indicated that he had shot someone, and he had a large amount of counterfeit currency which was divided with others. More counterfeit currency was found in the car used by Hall and the victim.

Although Benton testified that White told him that the victim was about to pull a weapon, the evidence was more than sufficient to enable a rational trier of fact to find that White did not act in self-defense when he shot the victim and that he was guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Rosser v. State*, 284 Ga. 335 (1) (667 SE2d 62) (2008); *Harrison v. State*, 283 Ga. 518, 520 (661 SE2d 536) (2008); *Holmes v. State*, 273 Ga. 644, 645 (1) (543 SE2d 688) (2001). White argues that there was no evidence that he took property from the person of the victim, as required under the indictment. Although no witness saw White take anything from the victim, the circumstantial evidence strongly supports a finding that the victim's body had been moved after he was shot by White and that someone had gone through his pockets. Viewed in the light most favorable to the jury's verdict, this evidence, together with testimony that White returned to his group's vehicle with counterfeit money to split up, was sufficient to authorize a jury to find that every reasonable hypothesis was excluded except for White's guilt of armed robbery. See *Watkins v. State*, 273 Ga. 307, 309 (1) (540 SE2d 199) (2001).

2. White contends that the trial court erred in ruling that, because it was instructing the jury on self-defense, it would not give his requested charge on voluntary manslaughter.

> "While jury charges on self-defense and voluntary man-slaughter are not mutually exclusive ((cit.)), the provocation

necessary to support a charge of voluntary manslaughter is different from that which will support a claim of self-defense. (Cit.) 'The distinguishing characteristic between the two claims is whether the accused was so influenced and excited that he reacted passionately rather than simply in an attempt to defend himself. Only where this is shown will a charge on voluntary manslaughter be warranted.' (Cit.)" [Cit.]

*Walker v. State*, 281 Ga. 521, 524 (6) (640 SE2d 274) (2007). White asserts that at least slight evidence shows that he was fearful that the victim or his friend had a gun and was about to draw it. Without more, however, any such evidence does not show the serious provocation and the sudden, violent, and irresistible passion required to warrant an instruction on voluntary manslaughter. See *Lawrence v. State*, 286 Ga. 533, 534 (3) (690 SE2d 801) (2010); *Wyman v. State*, 278 Ga. 339, 341 (3) (602 SE2d 619) (2004); *Worthem v. State*, 270 Ga. 469, 471 (2) (509 SE2d 922) (1999).

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Thomas S. Clegg*, for appellant.

*W. Kendall Wynne, Jr.*, District Attorney, *Layla H. Zon*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Sheila E. Gallow*, Assistant Attorney General, for appellee.