307 Ga. 441
FINAL COPY

S19A1146.  HOLMES v. THE STATE.

BOGGS, Justice.

Ronnie Darnell Holmes challenges his 2015 convictions for felony murder and other crimes in connection with the shooting death of Terry Mack. Holmes argues that the trial court erred in denying his motion for directed verdict on the armed robbery charge underlying his felony murder conviction and his felony murder conviction, and that trial counsel was ineffective for failing to move to sever his trial from that of his co-defendant, Michael Tyrone Woods. We affirm.[1]

---

[1] Mack was killed on April 11, 2013. On May 7, 2014, a Dougherty County grand jury indicted Holmes and Woods on two counts of felony murder, armed robbery, two counts of possessing a firearm during the commission of a felony, and two counts of aggravated assault. Holmes was also indicted on two counts of possession of a firearm by a convicted felon. The joint trial of Holmes and Woods started on August 17, 2015, but before jury selection, Holmes' felon-in-possession charges were bifurcated for hearing after the other charges. In addition, Woods entered a guilty plea to a previously unfiled accusation for selling cocaine, in exchange for the State's promises not to seek a sentence of imprisonment and to dismiss the charges against him in connection with the shooting; the trial court sentenced Woods to 17 years' probation. The trial

1. (a) Viewed in the light most favorable to the jury's verdicts, the evidence presented at trial showed the following: On the night of April 11, 2013, Mack sat in his red SUV in front of an apartment complex in Albany where Woods, his partner in the crack-cocaine trade, lived with his then-girlfriend Lashan Lumpkin. Mack and Woods were known drug dealers, and Woods' apartment was located in a reputed high-crime area. That night, Mack and Woods assumed their usual positions: Mack sat in his SUV and waited for customers

proceeded against Holmes alone until August 21, 2015, when the jury found him guilty of all charges except the bifurcated counts of possession of a firearm by a convicted felon. After the jury returned its verdicts, Holmes pleaded guilty to the two felon-in-possession counts, admitting that he had previously been convicted of at least one felony offense and that he possessed a .22-caliber revolver and a .25-caliber pistol on separate occasions on April 13, 2013. On September 10, 2015, the trial court sentenced Holmes to serve life in prison without parole for felony murder predicated on armed robbery, five years consecutive for possession of a firearm during the commission of a felony, and five years consecutive for the felon-in-possession convictions, set to run concurrently with each other but consecutive to the sentences for the other convictions. Moreover, even though the trial court merged the guilty verdict for felony murder predicated on aggravated assault into one of the aggravated assault verdicts, that felony murder verdict was vacated by operation of law because the trial court entered a conviction and sentence on the guilty verdict for felony murder predicated on armed robbery. See *Noel v. State*, 297 Ga. 698, 700 (2) (777 SE2d 449) (2015). On September 3, 2015, Holmes filed a motion for new trial, which he amended with new counsel on March 6, 2018. After an evidentiary hearing, the trial court denied the motion on March 7, 2019. Appellant filed a timely notice of appeal, and the case was docketed in this Court to the August 2019 term and submitted for decision on the briefs.

to arrive, while Woods sat on his porch several feet away, with a clear view of Mack's SUV and the surrounding area.

Shortly after 11:00 p.m., Sheila Dunn, a frequent customer, walked toward Mack's SUV intending to buy some crack. On her way, she saw an unknown male walk from the driver's side of Mack's SUV into an alley across the street. D'Marquis Williams, Mack's nephew and Woods' next-door neighbor, was sitting in another SUV playing very loud music in the parking lot in front of the same apartment complex. Once Dunn arrived at Mack's SUV, she found him inside and tried to speak to him, but he did not answer. She noticed that he had blood on his shirt and yelled out to Woods — who was still sitting on his porch mere feet away looking at his smartphone — for help. Woods came over to the vehicle, and the two realized that Mack was not moving or responding. He appeared to have been shot in the face. Woods called 911 at 11:37 p.m.

The police arrived on the scene minutes later. Mack was then taken to a local hospital where he was pronounced dead. According to the medical examiner, Mack died from a single .38 caliber gunshot

wound to the face. Although Mack was known to carry cocaine and large amounts of cash, the police found only a $10 bill in his pocket.

Williams testified that on the night of the shooting, he was sitting in his Suburban playing music yards away from Mack's SUV when he heard a gunshot, ducked, and then looked up to see Holmes, a convicted felon whom he knew well from the neighborhood, running away from the driver's side of Mack's SUV. Lumpkin testified that Woods told her that, on the night of the shooting, Holmes told Woods that he intended to rob Mack and that Holmes shot Mack. Woods also testified at trial, stating that Mack was known to carry large amounts of cash with him. A woman who lived near Woods said that on the night of the shooting, Holmes came to her house to play cards and brought "a wad of money" with him.

(b)   Holmes argues that the trial court erred in denying his motion for directed verdict at the close of the State's case as to the armed robbery count and the felony murder count predicated on armed robbery, because the evidence was insufficient to prove that he took anything from Mack. We disagree.

4

The test established in *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979), is the proper test for us to use when a challenge to the sufficiency of the evidence arises from the denial of a motion for directed verdict. See *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). Under that test, we view all of the evidence presented at trial in the light most favorable to the verdicts and ask whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson*, 443 U.S. at 319 (III) (B). And as relevant here, "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon . . . ." OCGA § 16-8-41.

In this case, a rational jury could conclude from the evidence presented at trial and summarized above that on the night of the shooting, Holmes went to Woods' residence; told Woods that he was about to rob Mack; approached Mack's SUV, where Mack was selling crack cocaine; shot Mack in the face; took cash from Mack, leaving

only a $10 bill; and then fled on foot. Therefore, the trial court did not err in denying Holmes' motion for a directed verdict on the armed robbery charge and the associated felony murder count. See *White v. State*, 287 Ga. 208, 209 (1) (695 SE2d 222) (2010).

(c)    Holmes does not challenge the sufficiency of the evidence to support his conviction for possession of a firearm during the commission of a felony. Nevertheless, in accordance with this Court's usual practice in direct appeals in murder cases, we have reviewed the record and conclude that, when properly viewed in the light most favorable to the judgments of conviction entered by the trial court, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Holmes guilty beyond a reasonable doubt of that offense. See *Abney v. State*, 306 Ga. 448, 452 (1) (831 SE2d 778) (2019).

2. Next, Holmes argues that trial counsel was ineffective for failing to move the trial court to sever his trial from that of Woods. To prevail on this claim, Holmes must demonstrate that counsel's performance was professionally deficient and that counsel's

deficient performance prejudiced him. See *Strickland v. Washington*, 466 U.S. 668, 687 (III), 694 (III) (B) (104 SCt 2052, 80 LE2d 674) (1984). Holmes has failed to meet this high burden, for the simple reason that he and Woods were not actually tried together. See *Feliciana v. United States*, 990 F2d 1257 (9th Cir. 1993) (unpublished) (trial counsel not ineffective for failing to move to sever defendant's trial from that of co-defendants because they pleaded guilty). Accordingly, we affirm Holmes' convictions.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 18, 2019.
Murder. Dougherty Superior Court. Before Judge Lockette.
*Conger & Smith, Gregory D. Smith*, for appellant.

*Gregory W. Edwards, District Attorney, Melinda A. Wynne, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vanessa T. Sassano, Assistant Attorney General*, for appellee.