A91A1348. MERKA v. THE STATE.
(411 SE2d 357)

SOGNIER, Chief Judge.

Steve A. Merka was indicted with six other persons for violation of the Georgia Racketeer Influenced and Corrupt Organizations (RICO) Act, forgery, and various other crimes committed in connection with a traffic "ticket-fixing" scheme. Merka was tried jointly with two co-defendants, and in *Martin v. State*, 189 Ga. App. 483 (376 SE2d 888) (1988), this court reviewed their convictions, which we affirmed in part and reversed in part. The underlying facts are set forth fully in *Martin* and will not be repeated here. Merka brings this appeal from the trial court's denial of his extraordinary motion for new trial brought several years after our decision in *Martin* on the ground of newly discovered evidence.

The newly discovered evidence relied upon by appellant as the ground for his motion consisted of a letter purportedly written by co-defendant Martin from prison to appellant's trial counsel after the trial. In the letter, Martin stated that because he was advised by his attorney not to take the stand in his own behalf during the trial, he had no opportunity to testify that appellant had never been aware that the signature was not genuine on a document presented to him which was material evidence of the forgery for which appellant was convicted; and that appellant had no knowledge of any wrongdoing in connection with certain other crimes for which he was convicted.

1. Appellant contends the trial court abused its discretion by allowing personal feelings of dislike for Martin to prejudice its decision. This contention, however, is belied by the record. Our examination of the transcript of the hearing on the extraordinary motion for new trial reveals that the trial judge never stated he did not *like* Martin but only that he did not believe him. In ruling on an extraordinary motion for new trial, "a trial court has a duty to evaluate the credibil-

ity of a witness who was an alleged accomplice . . . . [Cits.]" *Dorsey v. State*, 187 Ga. App. 725, 728 (3) (371 SE2d 207) (1988). Thus, statements by the trial judge that he would "frankly, have a hard time believing anything Mr. Martin said, under oath and otherwise," and that he "wouldn't believe anything [Martin] says on a stack of Bibles up here," indicate only that the trial court was fulfilling its duty of evaluating Martin's credibility.

2. In appellant's remaining four enumerations of error, he contends the trial court erred by finding that the evidence proffered by appellant in support of his motion did not meet the applicable standard for granting a new trial. We do not agree. "The standard for granting a new trial on the basis of newly discovered evidence is well established. 'It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' [Cits.] All six requirements must be complied with to secure a new trial. [Cits.]" *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980).

We agree with the trial court that the evidence presented fails to meet the *Timberlake* criteria. Martin's letter simply reiterates appellant's defense at trial, which was that appellant was personally unaware of any improprieties or crimes. In *Lee v. State*, 146 Ga. App. 189, 191-192 (245 SE2d 878) (1978), cited by appellant, the newly discovered evidence corroborating the appellant's defense was held to be sufficient to meet the criteria for granting a new trial because the corroboration was provided by a hitherto unknown eyewitness to the crime. Conversely, in the case sub judice, appellant was fully aware of Martin's existence at the time of trial. Indeed, Martin was present at trial and could have, but did not, testify in appellant's behalf, and there is no guarantee that he would do so if a new trial were granted.

Criterion (4) is not met because the proffered evidence would be merely cumulative of appellant's testimony at trial, and unlike the situation in *Lee*, there are no indications that the jury was wavering, thus raising the possibility that the jury would have believed appellant's version of the facts had it been presented with the new evidence.

Moreover, the new evidence impeaches the trial testimony of a victim, a purpose not permitted under *Timberlake*. At trial, the person whose name was forged on the document referred to in Martin's letter testified he had not given any person permission to sign his

name and had never heard of appellant or hired him to represent him. In his letter, Martin wrote that he had been authorized by the victim to sign the victim's name, and that appellant did not know the signature was not actually the victim's. Thus, contrary to appellant's contention, regardless of appellant's intent in presenting Martin's letter, its sole function would be to impeach the credit of the victim witness.

"Motions for new trial on the ground of newly discovered evidence are not favored and are addressed to the sole discretion of the trial judge, which will not be controlled unless abused. [Cit.]" *Van Scoik v. State*, 142 Ga. App. 341 (235 SE2d 765) (1977). The trial court did not abuse its discretion by denying the extraordinary motion for new trial. Id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 10, 1991.

Steve A. Merka, *pro se.*

Robert E. Wilson, *District Attorney, Nelly F. Withers, Assistant District Attorney,* for appellee.