S08A0539. MULLER v. THE STATE.

(663 SE2d 206)

CARLEY, Justice.

After a jury trial, David Henry Muller was found guilty of the malice murder of his wife, Cynthia Schmidt. The trial court entered judgment of conviction and sentenced him to life imprisonment. A motion for new trial was denied, and Muller appeals, enumerating as error ineffective assistance of trial counsel and the failure of the trial court to charge on the defense of justification.[*]

1. When construed most strongly in support of the guilty verdicts, the evidence shows that a cordless phone at the residence of Muller and the victim was left engaged, blocking the phone line beginning at 6:21 p.m. on the day of the murder. At 6:29 p.m., Muller received a cell phone call from a friend and told him that it was not a good time to call. A neighbor testified that Muller came to his house, using a route which was more time-consuming than the road, in a state of high anxiety, asking him to call 911 because of a gunshot accident involving his wife. The 911 call was made at 6:34 p.m. When the neighbor then went to offer assistance, Muller would not allow him to come past the foyer area. After police officers arrived, Muller admitted that he shot the victim and stated that she shot at him twice, breaking two windows. Although he said little more, he did identify the pistol which he used, and, at his direction, the officers found another pistol under a bed too far from the victim for her to

---

[*] The homicide occurred on February 28, 2004, and the grand jury returned an indictment on May 28, 2004. The jury found Muller guilty on April 11, 2006 and, on the same day, the trial court entered judgment. The motion for new trial was filed on May 1, 2006, amended on March 19, 2007, March 22, 2007, and July 30, 2007, and denied on September 11, 2007. Muller filed the notice of appeal on October 5, 2007. The case was docketed in this Court on December 4, 2007, and submitted for decision on January 28, 2008.

reach it. There was minimal evidence of a struggle. As the victim was carried out, Muller had a blank stare, showed no emotion, and refused to say anything, despite his earlier request to speak with her and an officer's suggestion that he at least tell her he loved her. Other behavior by Muller and certain questions asked by him were also inappropriate under the circumstances. Expert testimony showed that the victim was shot from at least three feet away while she was either kneeling or bent over. The victim subsequently died at a hospital as a result of the gunshot wound. This evidence was sufficient for a rational trier of fact to find Muller guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Muller's trial counsel requested a charge on the defense of justification, but subsequently withdrew that request. Thus, Muller waived the issue, even assuming that such a charge was authorized and that justification was his sole defense. *Harris v. State*, 272 Ga. 455, 456 (2) (532 SE2d 76) (2000); *Smith v. State*, 260 Ga. 274, 277 (7) (393 SE2d 229) (1990); *Beasley v. State*, 254 Ga. App. 839, 841 (2) (563 SE2d 909) (2002).

3. Muller contends that his attorneys rendered ineffective assistance by withdrawing the request to charge on self-defense, by advising him not to testify even though only he could have supplied the details surrounding the shooting, and by failing to call specific witnesses who would testify to prior acts of violence by the victim against Muller and against third parties. In order to prevail on a claim that trial counsel was ineffective, a defendant must show both "that counsel's performance was deficient and that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)." *Dickens v. State*, 280 Ga. 320, 321 (2) (627 SE2d 587) (2006). " 'A claim of ineffective assistance of counsel is a mixed question of law and fact: we accept the trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to the facts. (Cit.)' [Cit.]" *Davenport v. State*, 283 Ga. 171, 173 (5) (656 SE2d 844) (2008).

Muller was indicted for malice murder alone, even though the evidence would have strongly supported a verdict for felony murder while in the commission of aggravated assault. In consultation with Muller, trial counsel ultimately decided to pursue a strategy of arguing that Muller lacked the malicious intent necessary to support a conviction for malice murder. Despite the apparent risk, it is a reasonable strategy to rely on such a lack of intent defense when the presentation of any other defense is itself problematic. See *Franks v. State*, 278 Ga. 246, 257 (2) (B) (1) (599 SE2d 134) (2004); *Lamb v. State*, 267 Ga. 41, 43 (2) (472 SE2d 683) (1996); *Adkinson v. State*, 236 Ga. App. 270, 272 (3) (a) (511 SE2d 527) (1999). Self-defense was

supported by only slight evidence at best, and reliance on that defense would have required Muller's attorneys to argue that the victim was the initial aggressor and to risk alienating the jury if it had become sympathetic towards the victim. Given all the evidence in this case, presenting both justification and the lack of intent defense simultaneously could certainly backfire. Moreover, defense counsel reasonably concluded that, if Muller sought a charge on self-defense, the State would respond by requesting a charge on voluntary manslaughter, which Muller did not want, but which the trial court would probably have given. Accordingly, Muller's attorneys at trial did not perform deficiently in withdrawing their request for a charge on justification. "Although others might have pursued a different strategy, [that withdrawal] did not fall below an objective standard of reasonableness. [Cits.]" *Lamb v. State*, supra.

"In the realm of specific decisions regarding trial strategy, and in particular decisions about which witnesses should be called to testify, defense attorneys are afforded wide discretion. [Cit.]" *Simpson v. State*, 277 Ga. 356, 359 (4) (c) (589 SE2d 90) (2003). The transcript of the hearing on the motion for new trial shows that defense counsel's advice to Muller not to testify was based on the weakness of the State's case, the trial court's permission to argue justification without using the word, Muller's reluctance to testify, the belief that the State's rebuttal witnesses would be very hostile, and the desire to eliminate the possibility of a voluntary manslaughter instruction. These are sound, strategic reasons for trial counsel's advice. See *Davenport v. State*, supra at 174 (5); *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003); *King v. State*, 279 Ga. App. 302, 303 (1) (630 SE2d 905) (2006). The trial transcript reveals that Muller knowingly waived his right to testify, even specifically expressing an understanding that he was thereby giving up a charge on justification.

> " ' "(A)fter having been informed, the defendant, and not his attorney, makes the ultimate decision about . . . whether or not to testify in his own behalf, (cit.) . . ." (Cit.)' (Cit.) [Muller] cannot complain of his own election to follow the reasonable tactical advice of his lawyer. (Cit.)" [Cits.]

*Davenport v. State*, supra. "In this case, there was sufficient evidence for the trial court to determine that [Muller] voluntarily decided not to take the stand upon the reasonable advice of counsel. [Cits.]" *King v. State*, supra.

For many of the same reasons applicable to the decisions to forego a self-defense instruction and for Muller not to testify, it was also a reasonable strategy for his attorneys not to present evidence of

the victim's prior acts of violence. Moreover, Muller neither proved nor made any proffer of the alleged prior acts of violence at the hearing on the motion for new trial. See *Dickens v. State*, supra at 322-323 (2), 325-327 (Benham, J., concurring specially).

Muller further contends that his lead attorney at trial was ineffective for promising in opening statement to present evidence of exactly what happened inside the house where the shooting occurred, and then failing to present such evidence even after telling the jurors in opening statement that his words were a bond with them and that they could hold it against his client if he failed to prove anything. However, defense counsel specifically applied the latter statements to the prosecutor as well. During closing argument, counsel took the position that the defense had been prepared to respond when and if the State presented its promised evidence, but that the State failed to deliver on its promise and that the prosecution witnesses "essentially made the defendant's case that there is no proof beyond a reasonable doubt." Trial counsel's strategic decision to advise a defendant not to testify does not result in a deficient performance merely because counsel raised self-defense in opening statement and cross-examination, and then did not present any evidence thereof. *King v. State*, supra at 303 (2).

> "(D)efense counsel 'is given wide latitude in making [opening statements and] closing arguments. (Cit.) This Court will not, with benefit of hindsight, second-guess defense trial strategies [therein]. Absent a strong showing that counsel's actions were not reasonable, we will presume that these strategies were not deficient. (Cit.)' (Cit.)" [Cits.]

*Davenport v. State*, supra at 175 (5). Moreover, in light of the fact that the opening statement and closing argument are not to be considered as evidence by the jury, Muller has not shown that there is a reasonable probability that the outcome of the trial would have been affected if his counsel had opened and closed differently. *Hazelrigs v. State*, 255 Ga. App. 784, 785-786 (1) (567 SE2d 79) (2002).

The fact that Muller's attorneys at trial now question their defense strategy is not relevant to our analysis.

> With the benefit of hindsight, it would appear that this strategy may have backfired. But that is not to say that it was ineffective. "Informed strategic decisions do not amount to inadequacy under *Strickland*. (Cit.) 'The fact that [Muller] and his [former and] present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a

finding that [Muller] received representation amounting to ineffective assistance of counsel.' " [Cit.]

*Callendar v. State*, 275 Ga. 115, 117 (3) (a) (561 SE2d 113) (2002). *Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Sexton, Key & Hendrix, Lee Sexton*, for appellant.
*Norman S. Gunter, District Attorney, Joseph F. Burford, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.