## A09A0616. RAYMOND v. THE STATE.
(680 SE2d 598)

BARNES, Judge.

Adolphous Raymond, Sr., was indicted for burglary and possession of a firearm by a convicted felon. Following a jury trial, Raymond was found guilty of burglary. The trial was bifurcated and Raymond was found not guilty of the firearm charge. Raymond was sentenced to confinement for 20 years. Following the denial of his motion for new trial, he appeals, contending that trial counsel was ineffective, and that the trial court erroneously considered evidence of two prior convictions in imposing a recidivist sentence. Following our review, and discerning no reversible error, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that one of the victims came home and saw Raymond and his son, whom she did not know, coming out of the back door. Raymond was holding two liquor bottles and a bag of boiled peanuts that the victim recognized as items from her home. Raymond said that he had permission from "Jerry" to "get some stuff out of the house for helping him work." The victim testified that it was customary for the landlord to inform her of any scheduled work at the house, and she had not been notified to expect anyone. She told Raymond to give the items to her, he complied, and the two men left in a car. When the victim entered her home, she observed that her bedroom had been rummaged through, and her gun was missing.

A second victim who also lived in the house testified that a X-Box game system, two X-Box controllers, and a cup of loose change were missing from his bedroom. The first victim identified Raymond from

a six-photo lineup as the man she saw leaving her home. Police later searched Raymond's home and retrieved some of the missing property, including the X-Box and controllers. The gun was not recovered.

Raymond's son testified that the men went to the house to do yard work and move furniture, and that "Mr. Franklin" told his father he could have the liquor and boiled peanuts. The son testified that he stole the X-Box and controllers without his father's knowledge. The owner of the house, who was renting it to the victims, testified that he never gave Raymond permission go into the house on the day of the burglary.

1. Raymond contends that trial counsel was ineffective for failing to object to improper comments made during the State's opening statement, eliciting damaging and inadmissible testimony from a witness, and failing to object to the trial court's consideration of two prior convictions during sentencing.

> The burden of establishing the ineffective assistance of trial counsel is a heavy one that requires an appellant to establish both that counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's deficient performance, there is a reasonable probability that the outcome of the trial would have been different. Regarding this second prong, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings[;] he must establish a reasonable probability that but for the error, his trial would have ended differently. A failure to make a sufficient showing on either of these prongs will be fatal to a claim of ineffective assistance.

(Punctuation and footnotes omitted.) *Wallace v. State*, 272 Ga. 501, 503-504 (3) (530 SE2d 721) (2000).

(a) Raymond contends that trial counsel was ineffective for failing to object to the State's comment during its opening that "the defendant's story or explanation, I think you're going to find is implausible. It's just ludicrous. It's crazy."

At the motion for new trial hearing, trial counsel testified that he did not object because the statement was not evidence, but clearly an opinion that he need not object to. He also testified that it was a strategic decision, in that, objecting "can bring attention to what you're objecting to." "[D]ecisions of when and how to raise objections are generally matters of trial strategy." (Footnote omitted.) *Holmes v. State*, 271 Ga. App. 122, 124 (3) (608 SE2d 726) (2004). Raymond does not show deficiency, but rather an example of conscious and deliberate trial strategy. "This Court will not, with

benefit of hindsight, second-guess defense trial strategies therein. Absent a strong showing that counsel's actions were not reasonable, we will presume that these strategies were not deficient." (Citation and punctuation omitted.) *Muller v. State*, 284 Ga. 70, 73 (3) (663 SE2d 206) (2008).

(b) Raymond next contends that trial counsel was ineffective for eliciting damaging and inadmissible testimony from the lead detective in the case. The testimony in question occurred when trial counsel was cross-examining the detective and inquired: "What conversation did you have with Mr. Raymond on the 22?"

The detective responded that he had explained the charges, and "read him his *Miranda* rights in which case he indicated he did not wish to speak with law enforcement at that time without the presence of an attorney." At the new trial hearing, trial counsel testified that the question was part of his trial strategy.

Pretermitting whether trial counsel was ineffective for eliciting this testimony,

> [i]mproper reference to a defendant's silence does not automatically require reversal; the error may be found to be harmless beyond a reasonable doubt. The determination of harmless error must be made on a case by case basis, taking into consideration the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of the defendant's guilt.

(Citations and punctuation omitted.) *Allen v. State*, 272 Ga. 513, 515-516 (5) (530 SE2d 186) (2000). To warrant reversal of a conviction, the evidence of a defendant's choice to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury. *Mitchell v. State*, 223 Ga. App. 319, 321 (6) (477 SE2d 612) (1996). Here, there was only one reference to Raymond's election not to speak without an attorney, the State did not solicit the reference, and it neither mentioned Raymond's silence nor sought to draw any prejudicial inferences from it.

Moreover, even if trial counsel performed deficiently in educing the testimony, we conclude that, in all likelihood, the failure to object did not contribute to the proceeding's outcome in light of the overwhelming evidence presented in the case. See *Wallace v. State*, 272 Ga. 501, 504 (3) (a) (530 SE2d 721) (2000).

2. Raymond contends that the trial court erred in considering two prior convictions during sentencing that were already tendered during the bifurcated trial on the possession of a weapon by a convicted felon charge, of which he was acquitted. He also maintains

that trial counsel was ineffective for failing to object to the use of the convictions.

It is well established that the failure to object in the trial court constitutes a waiver of a party's right to raise a matter on appeal. See, e.g., *Rosser v. State*, 284 Ga. 335, 337 (3) (667 SE2d 62) (2008). However, when those same matters are raised in a claim of ineffective assistance of trial counsel, we consider the alleged errors within the analytical framework of an ineffectiveness claim, under which, in order to prevail, Raymond must show both that his trial counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different. Id. at 337 (4). See also *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985).

During the weapons charge portion of the bifurcated trial, to support the charge the State introduced evidence of two separate felony convictions for sale of cocaine and sale of a counterfeit substance. The jury returned a verdict of not guilty. The State then argued that Raymond should be sentenced as a recidivist under OCGA § 17-10-7 (c) because of his four prior felony convictions, which included the two introduced during trial of the weapons charge.

Raymond is correct in that

> [t]his Court has previously determined that the legislature did not intend that the allegation and evidence of a prior felony necessary for a conviction of possession of a firearm by a convicted felon could also be used to punish the defendant as a repeat offender under OCGA § 17-10-7. *King v. State*, 169 Ga. App. 444, 445 (313 SE2d 144) (1984). Thus, the [S]tate must elect whether it intends to use such evidence to support a conviction for possession of a firearm by a convicted felon or for recidivist sentencing. See *Caver v. State*, 215 Ga. App. [711,] 713 (4) [(452 SE2d 515) (1994)]; *State v. Freeman*, 198 Ga. App. 553, 555-556 (2) (402 SE2d 529) (1991).

*Allen v. State*, 268 Ga. App. 519, 534 (6) (602 SE2d 250) (2004).

However, the *King* rule is not implicated unless a conviction on the charge is entered. *Walker v. Hale*, 283 Ga. 131, 132 (1) (657 SE2d 227) (2008). In *Walker*, the charge against the defendant of felony murder with the underlying felony of possession of a firearm by a convicted felon was vacated by operation of law and no conviction on that charge was entered. The Court found that "unlike in *King*, the trial court did not use the prior felony conviction both to support a conviction on the possession charge and to enhance Hale's sen-

tence." Id. at 133 (1). Similarly, in *Caver v. State*, supra, 215 Ga. App. at 713 (4), the State charged Caver with shoplifting and possession of a firearm by a convicted felon by reason of one prior felony conviction. Then, after Caver was convicted of shoplifting, the State nolle prossed the charge of firearm possession and used the prior felony conviction that was to be the predicate conviction for that charge to enhance Caver's punishment as a recidivist. This court affirmed, finding the State's procedural maneuver avoided the obstacles to imposition of recidivist sentencing. We see no legal distinction in the not guilty verdict in this case.

Here, as in *Caver*, the prior felony convictions were not used both to support a *conviction* on the firearm possession charge and to enhance Raymond's sentence because Raymond was not convicted of possession of a firearm. Thus, as Raymond has failed to establish the prejudice prong on this ineffectiveness claim, it too must fail.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JUNE 25, 2009 

*Robert L. Persse, Stuart H. Patray*, for appellant.
*Richard A. Mallard, District Attorney, Daphne H. Jarriel, Assistant District Attorney*, for appellee.