## A11A0059. ROBINSON v. THE STATE.
### (706 SE2d 577)

ANDREWS, Judge.

On appeal from his conviction for child molestation, Michael Robinson argues that trial and first appellate counsel were ineffective. We affirm because these contentions have no merit.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that after having been kissed by Robinson on previous occasions, the 11-year-old victim and her friend walked to Robinson's house, where he offered them removable tattoos and then indicated that the victim should go into his bedroom. As Robinson kissed the victim in the bedroom, the friend entered and encouraged the two to continue, at which Robinson put his hand down the victim's pants, touching her buttocks. As Robinson moved his hand toward the front of her body, the victim became scared, told him to stop, and pulled his hand away. When the girls

---

returned to the victim's house, the friend told the victim's mother what had happened, and police were called.

After a trial including Robinson's testimony in his own defense, a jury found him guilty of one count of child molestation. He was convicted and sentenced to 20 years with 13 to serve. At the hearing on Robinson's motion for new trial, first appellate counsel called six new witnesses: three neighbors, the victim's mother's employer, and two investigators. The trial court denied the motion for new trial.

On appeal, this Court twice remanded the case: so that new counsel could prepare the case, and for a second evidentiary hearing. As the parties agreed at the outset of the remand hearing, the only issue presented on remand was whether trial counsel was ineffective for failing to forward evidence to first appellate counsel. New counsel proffered statements from witnesses including Robinson's mother, his sister, his brother, his uncle, and his grandmother. Of these witnesses, only the sister had not testified at trial. After the hearing, the trial court again denied Robinson's motion for new trial.

1. The evidence outlined above was sufficient to sustain Robinson's conviction. See OCGA § 16-6-4 (a) (defining child molestation); *Jackson*, supra.

2. Robinson asserts that trial counsel was ineffective in failing (a) to ask for a hearing on the admissibility of the victim's videotaped statement; (b) to confront the victim at trial; (c) to question the qualifications and credibility of the expert who took the victim's statement; and (d) to investigate and argue the credibility of other witnesses, including the eyewitness and the victim's parents. Robinson also argues that (e) first appellate counsel failed to argue trial counsel's ineffectiveness in failing to assert Robinson's right to confront the victim.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). More specifically, a defendant must show that trial counsel's deficient performance created "a reasonable probability of a different outcome." (Citation and punctuation omitted.) *Cobb v. State*, 283 Ga. 388, 391 (658 SE2d 750) (2008). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs*, 272 Ga. at 88 (4).

(a) OCGA § 24-3-16 provides:

A statement made by a child under the age of 14 years

> describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

As this Court has held, "OCGA § 24-3-16 does not *require* a hearing to determine indicia of reliability be held prior to receiving the testimony." (Punctuation omitted; emphasis supplied.) *Xulu v. State*, 256 Ga. App. 272, 275 (4) (568 SE2d 74) (2002). "Moreover, there is no requirement that the trial court make a specific finding of sufficient indicia of reliability in order for the out-of-court statements of child victims to be admissible." (Punctuation omitted.) Id.

It should be obvious that trial counsel was under no obligation to invoke his client's legal right to a hearing designed to protect that client's interests if the invocation of that abstract right would, in his professional judgment of the circumstances presented by a specific case, do actual harm to those interests. *Raymond v. State*, 298 Ga. App. 549, 551 (680 SE2d 598) (2009) (an appellate court will not second-guess counsel's strategic decisions "[a]bsent a strong showing that counsel's actions were not reasonable"). Here, counsel testified that he chose not to request a hearing under OCGA § 24-3-16 because he had never seen a victim's statement declared inadmissible and because he did not want the delay resulting from such a request to give the State additional time to prepare its case. The trial court did not clearly err when it rejected Robinson's attack on this decision.

(b) Likewise, the mere existence of a defendant's right to confront a witness at trial cannot be taken to mean that it is always in his interest to do so. A defendant's confrontation rights are not violated by his own counsel's failure to call a child molestation victim to the stand if that victim is available to testify at trial. *Williams v. State*, 290 Ga. App. 841, 842 (1) (660 SE2d 740) (2008). It is also clear that a decision as to whether a witness should testify is within "the realm of specific decisions regarding trial strategy" to which we afford "wide discretion." *Muller v. State*, 284 Ga. 70, 72 (663 SE2d 206) (2008). Here, trial counsel testified that he did not call the victim to the stand because he thought that her testimony would "have done more damage than help." The trial court did not clearly err when it accepted counsel's strategic judgment in the matter.

(c) The State's direct examination at trial shows that the expert who took the victim's statement was well qualified, with 15 years' experience in assisting children and teenagers suffering from severe

mental illness or trauma. To date, including the remand hearing and his brief on appeal, Robinson has not produced, proffered, or described any evidence to the contrary. *Lenderman v. State*, 271 Ga. App. 883, 886 (611 SE2d 135) (2005) (counsel could not be found ineffective in the absence of any proffer of testimony to contradict expert's testimony that defendant was competent to stand trial).

(d) "Motions for new trial on the ground of newly discovered evidence are not favored and are addressed to the sole discretion of the trial judge, which will not be controlled unless abused." (Punctuation omitted.) *Merka v. State*, 201 Ga. App. 471, 473 (2) (411 SE2d 357) (1991).

On remand, the trial court held that five witnesses' statements proffered by first appellate counsel concerned the victim's and her family's poor reputation in the community, and were thus cumulative of evidence already introduced at trial, which included testimony by four out of the five. The trial court also held that the statement by Robinson's sister, who had not previously testified, could only have had the effect of impeaching other defense witnesses. See *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980) (newly discovered evidence must be "so material that it would probably produce a different verdict," and "a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness"); *Cobb*, 283 Ga. at 391 (prejudice under *Strickland* requires a showing of a "reasonable probability of a different outcome").

As we have noted, the victim's own statement to the child advocacy expert showed that the eyewitness to the molestation both encouraged the defendant just before the act and reported the crime to the victim's parents. The record also shows that counsel conducted an effective cross-examination of the eyewitness, exposing inconsistencies, misstatements, and inattention, including her comments on the case, whether Robinson was holding the victim, and whether he put his hands down her pants. And counsel was under no responsibility to attack the credibility of the victim's parents when they had been called as witnesses for the defense.

More important, the record before us does not include a transcription of either Robinson's opening or his closing argument. Without this information, and having reviewed the remainder of the record, we cannot categorize trial counsel's handling of either the eyewitness or the victim's family as defective, nor can we second-guess the trial court's discretionary determination that all of the evidence proffered at the hearings on the motion for new trial went to the credibility of the witnesses. *Merka*, 201 Ga. App. at 472-473 (2) (no abuse of discretion in denying a motion for new trial where the new evidence was either cumulative, restated defendant's testimony at trial, or served only to impeach the credibility of the victim).

(e) As we have held above, trial counsel could not have been ineffective for failing to call the victim as a witness. It follows that first appellate counsel could not have been ineffective for failing to assert this unmeritorious argument before or at the hearing on the motion for new trial. *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004) (failure to make meritless motion cannot amount to ineffective assistance).

For all of the above reasons, the trial court did not err when it denied Robinson's motion for new trial.

*Judgment affirmed. Phipps, P. J., concurs. McFadden, J., concurs specially.*

MCFADDEN, Judge, concurring specially.

I concur in the judgment only as to Division 2 (d). I concur fully in the remainder of the opinion.

The standard for granting a new trial on the basis of ineffective assistance of counsel is distinct from the standard for granting a new trial on the basis of newly discovered evidence. As detailed in the majority opinion, the two-prong standard for ineffective assistance is set out in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The standard for newly discovered evidence requires that six criteria be met:

> (1) that the evidence has come to [the movant's] knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. All six requirements must be complied with to secure a new trial.

(Citations and punctuation omitted.) *Merka v. State*, 201 Ga. App. 471, 472 (411 SE2d 357) (1991); *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980).

Because it is important that those two standards remain distinct, I do not concur in the majority's analysis. But as the evidence adduced at the new-trial hearings was insufficient to satisfy either prong of the *Strickland* standard, I concur in the judgment.

DECIDED FEBRUARY 22, 2011.

Katherine M. Mason, Sam B. Sibley, Jr., for appellant.
Ashley Wright, District Attorney, Madonna M. Little, Assistant District Attorney, for appellee.