## A11A0038. MILLSAPS v. THE STATE.
(714 SE2d 661)

DOYLE, Judge.

After a jury trial, Travis R. Millsaps was convicted of one count of violating the Computer or Electronic Pornography and Child Exploitation Prevention Act of 2007 by utilizing the internet to seduce, solicit, lure, or entice a child or another person believed by such person to be a child to commit an illegal sex act;[1] attempted aggravated child molestation;[2] and attempted child molestation.[3] Millsaps appeals, arguing that the trial court erred by (1) denying his motion to exclude custodial statements based on improper hope of benefit in violation of OCGA § 24-3-50; (2) denying his request to instruct the jury on the definition of incitement in the context of entrapment; and (3) denying his motion for a directed verdict of acquittal based on entrapment. Millsaps also argues that he received ineffective assistance of counsel because (4) he requested that the jury be instructed to consider a witness' intelligence when determining credibility; and (5) he failed to object to the trial court's instruction on excluding statements based on an illegal detention. We affirm for the reasons that follow.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant . . . no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[4] Conflicts in the testimony of the

---

[1] OCGA § 16-12-100.2 (d) (1).
[2] OCGA §§ 16-4-1; 16-6-4 (c).
[3] OCGA §§ 16-4-1; 16-6-4 (a).
[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[5]

So viewed, the evidence presented at trial established that on July 31, 2008, an officer with the Internet Crimes Against Children Task Force operating in north Georgia posted an advertisement in the "Casual Encounters" section of craigslist.org, a website that functions similarly to a newspaper classified advertisement section. The advertisement appeared to be from an 18-year-old female, "Hannah," looking for a man with whom to "end . . . Summer Vacation with a Bang." On August 5, 2008, Millsaps e-mailed a response to the ad. The officer posing as "Hannah" responded to Millsaps's e-mail, telling him "like [I] said[, I'm] very mature an[d] interested. [J]ust wanted to let you know up front [I'm] not quite 18" and sending pictures of a 13-year-old female from an FBI database. The two began corresponding via instant messenger, where "Hannah" explained that she was actually 14 years old. Although Millsaps expressed hesitation at "Hannah's" young age, they continued to communicate, discussed meeting in person, and discussed having sexual intercourse and oral sex.

On August 8, Millsaps had a telephone conversation with another task force agent, with whom he discussed plans to meet in person.

Upon arriving at the location, Millsaps was apprehended and interviewed by officers, to whom he admitted he had intended to meet with "Hannah," had brought condoms with him, and might have had sex with her, as they had previously discussed.

The jury returned a guilty verdict against Millsaps, and he thereafter filed a motion for new trial, which the court denied. Millsaps now appeals.

1. First, Millsaps argues that the trial court erred by denying his motion to exclude custodial statements based on an improper hope of benefit in violation of OCGA § 24-3-50, which Millsaps contends was the officers' promises to avoid reporting his arrest to his wife. We disagree.

At a *Jackson-Denno*[6] hearing, the trial court examines the totality of the circumstances to determine whether a

---

[5] (Punctuation omitted.) *McKay v. State*, 234 Ga. App. 556, 556-557 (1) (507 SE2d 484) (1998).

[6] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

preponderance of the evidence shows that the confession was voluntary. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal.[7]

"The promise of a hope or benefit that will render a confession involuntary under OCGA § 24-3-50 *must relate to the charge or sentence facing the suspect*."[8]

Here, the trial court's determination that Millsaps's statement to officers was not predicated on a hope of benefit is not clearly erroneous. The trial court correctly concluded that the officer did not make a promise or offer of a special benefit or a lighter sentence in exchange for Millsaps's testimony, but rather addressed Millsaps's concerns that the officers would contact his wife. "[T]he phrase 'hope of benefit' generally means the reward of a lighter sentence. Thus, confessions made under a promise of collateral benefit are not for that reason excludable."[9] Protecting Millsaps's relationship with his wife was a collateral benefit. "Furthermore, [Millsaps] signed a form which acknowledged that he had not been promised anything" in exchange for his cooperation with law enforcement.[10] Accordingly, this claim is without merit.

2. Millsaps also contends that the trial court erred by denying his request to instruct the jury on the definition of "incitement" in the context of entrapment. We disagree.

Millsaps did not object to the trial court's decision not to charge the jury on his requested definition of incitement; however, Millsaps also enumerates this error under the auspice of ineffective assistance of counsel, and we review the contention under that standard. After a hearing on Millsaps's motion for new trial, the court denied this claim of ineffective assistance of counsel.

> To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. More specifically, a defendant must show that trial counsel's

---

[7] (Citation and punctuation omitted.) *Clark v. State*, 309 Ga. App. 749, 751-752 (3) (711 SE2d 339) (2011).

[8] (Citation and punctuation omitted; emphasis supplied.) Id. at 753 (3) (a).

[9] (Punctuation omitted.) *Robbins v. State*, 290 Ga. App. 323, 328 (3) (659 SE2d 628) (2008) (concluding that the defendant's "wife's promise not to divorce her husband, which did not bear on the question of punishment, was a promise of collateral benefit" and therefore was not an offer or hope of benefit).

[10] (Citation and punctuation omitted.) *Clark*, 309 Ga. App. at 753 (3) (a).

deficient performance created a reasonable probability of a different outcome.[11]

OCGA § 16-3-25 states in pertinent part that "[e]ntrapment exists where . . . a government officer or employee, . . . by *undue persuasion, incitement, or deceitful means*, induced the accused to commit the act which the accused would not have committed except for the *conduct of such officer.*"[12] The trial court's charge to the jury included the language of the statute.

> The rule is that when the charge embraces a section of the Code which contains technical words or expressions, the meaning of which is probably not understood by a person unlearned in the law, the court should so define them as to convey to the jury a correct idea of their meaning, but it is unnecessary for the court, even upon request, to explain words and expressions which are of ordinary understanding and self-explanatory.[13]

The term "incitement" as used in the statute to define entrapment is a term of common knowledge, and therefore, the trial court's determination that trial counsel did not provide ineffective assistance by failing to object to the trial court's denial of Millsaps's request to charge the jury as to the definition of "incitement" was not clearly erroneous.[14]

3. Millsaps also contends that the trial court erred by denying his motion for a directed verdict of acquittal based on entrapment. We disagree.

Entrapment is an affirmative defense that is established by showing that (1) the idea for the crime originated with the State agent; (2) the defendant was induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant was not predis-

---

[11] (Citations and punctuation omitted.) *Robinson v. State*, 308 Ga. App. 45, 46 (2) (706 SE2d 577) (2011). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[12] (Emphasis supplied.)

[13] (Punctuation omitted.) *Baird v. State*, 201 Ga. App. 378 (411 SE2d 332) (1991) (holding that "dangerous weapon" was an expression of ordinary understanding), citing *Ricks v. State*, 156 Ga. App. 647, 648 (3) (275 SE2d 730) (1980) ("offensive weapon"); *Anderson v. State*, 226 Ga. 35, 36 (2) (172 SE2d 424) (1970) ("assault"). See also *Hollis v. State*, 295 Ga. App. 529, 533 (2) (672 SE2d 487) (2009) (holding "that the words 'harassing and intimidating,' as used in OCGA § 16-5-91, are not words of art but rather are words of common understanding and meaning") (punctuation omitted); *McCallister v. Doe*, 181 Ga. App. 602, 604 (1) (353 SE2d 89) (1987) ("courts of this state have declined to find error when the trial court failed to define such terms as 'reasonable doubt,' 'accident,' 'spirituous liquors,' 'possession,' and 'maliciously' ") (citations omitted).

[14] See *Robinson*, 308 Ga. App. at 46 (2).

posed to commit the crime.[15]

> As a general rule, in order to raise the defense of entrapment, the defendant must first admit the commission of the crime and then show that he did so because of the unlawful solicitation or inducement of a law enforcement officer. The rationale for this rule is that it is thought to be factually inconsistent and confusing for a defendant to deny that he committed a criminal act and simultaneously to complain that he was entrapped into its commission. But, if a reasonable inference of entrapment may be drawn by a rational jury from the State's evidence, the defendant is entitled to a jury charge on entrapment unless he has presented evidence of entrapment inconsistent with his denial of the commission of the crime.[16]

"If the defendant establishes a prima facie case of entrapment, the burden is then upon the [S]tate to disprove entrapment beyond a reasonable doubt. The determination of whether the defendant was entrapped is for the jury unless the uncontroverted evidence demands a finding of entrapment."[17]

Here, as testified to by a task force officer, Millsaps's statement to the officers after his arrest was that he intended to have sex with "Hannah" even though he was aware that she purported to be 14 years old. Even without such admission, however, the trial court charged the jury on entrapment (correctly as we determined in Division 2), and the jury's conclusion that entrapment did not occur is supported by the record evidence, including the facts that (1) Millsaps continued communicating with "Hannah", including having sexually explicit conversations with her in which he stated he wanted "a lot of oral," after he learned that she was 14 years old; (2) Millsaps discussed with "Hannah" how she could meet him if she could not drive, inquired whether she had ever snuck away from home before, and stated that he believed the union would be legal if he was 16 years old, instead of his actual age; (3) Millsaps left his home of Tennessee to meet a purportedly 14-year-old girl in order to have sex with her, which he admitted in his statements to officers; and (4) Millsaps brought condoms with him, which he stated were to

---

[15] See *St. Jean v. State*, 255 Ga. App. 129, 130 (564 SE2d 534) (2002).

[16] (Citations and punctuation omitted.) Id.

[17] (Citation omitted.) *Jackson v. State*, 305 Ga. App. 591, 593 (699 SE2d 884) (2010).

prevent any "accidents" in the event he was able to have sex with "Hannah."[18]

4. Millsaps claims that trial counsel was ineffective for requesting inclusion of the pattern jury charge on witness credibility, which stated that a juror could consider, among other factors, a witness' intelligence when making a credibility determination.

Analyzing the recitation of this charge under both the reversible and plain error standards of review, the Supreme Court of Georgia has held that "even assuming that the better practice is to omit intelligence as one of the factors in the credibility charge, its inclusion is not reversible error."[19] Thus, "because no reversible error occurred with respect to the jury instruction on credibility, [the trial court did not clearly err by determining that Millsaps] cannot succeed on his . . . claim that trial counsel rendered ineffective assistance in failing to object to that instruction."[20]

5. Finally, Millsaps argues that he received ineffective assistance of counsel because his trial counsel requested that the trial court include a pattern jury instruction concerning the voluntariness of a statement made during an illegal detention because it amounted to improper comment on the evidence by the trial court. Specifically, the portion of the charge at issue states that "under the law in order *for a statement to be excluded* because of illegal detention, it must be shown that the statement was, in fact, induced by such illegal detention."[21] In conjunction with the trial court's preliminary instructions to the jury, which included the statement that the court "will admit or exclude evidence according to th[e] rules [of evidence]," Millsaps contends that the trial court improperly charged the jury that any statements made by Millsaps while in custody were voluntary. We disagree.

The remainder of the trial court's instruction states, "[t]he second question that you must answer is whether the Defendant's statement was clearly voluntary, that is freely and willingly given" and "[i]f you fail to find any one of the conditions that I have just described, you must disregard the statement entirely and give it no consideration in reaching your verdict." The instructions taken as a whole unambiguously describe to the jury its role in determining

---

[18] See *St. Jean*, 255 Ga. App. at 130-131 (although the idea for the crime originated with the State, if the defendant offered no evidence of undue persuasion, incitement, or deceit, or that defendant was not predisposed to commit the crime, then there is no entrapment).

[19] *Howard v. State*, 288 Ga. 741, 747 (6) (707 SE2d 80) (2011). See also Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.31.10 (4th ed. 2007).

[20] Id. See also *Robinson*, 308 Ga. App. at 46 (2).

[21] (Emphasis supplied.) See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, §§ 1.32.31, 1.32.32 (4th ed. 2007).

whether any statements made by Millsaps were voluntarily given.[22]
*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JULY 13, 2011 — 

*Garland, Samuel & Loeb, Donald F. Samuel, William C. Lea, McNeill Stokes,* for appellant.

*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Assistant District Attorney,* for appellee.

---

[22] See *Ford v. State*, 281 Ga. App. 114, 116 (2) (635 SE2d 391) (2006).

