**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**June 7, 2012**

# In the Court of Appeals of Georgia

A12A0686. HENRY v. THE STATE.

ADAMS, Judge.

Timothy Henry was convicted by a jury of two counts of aggravated child molestation, two counts of aggravated sodomy and one count of child molestation. The trial court granted his motion for an out-of-time appeal, and Henry timely filed the present appeal, challenging the effectiveness of this trial counsel. Having considered these contentions, we now affirm.

Although Henry does not challenge the sufficiency of the evidence, we will first briefly summarize the evidence so as to allow his enumerations of error to be considered in context.

Henry, who was a long-haul truck driver, had a relationship with the victim's mother and lived with her, their biological son, the victim and the victim's half

brother when he was at home. The mother had begun a relationship with Angie Lamb, who was also the victim's school bus driver, and it was to Lamb that the victim first disclosed the molestation, telling her that when his "daddy comes home he sticks his dong-dong in [his] butt." Lamb told the mother, who was not at home when the child made the outcry, and the mother questioned the child. He told her that Henry made him "suck his dong-dong" and repeated the allegation about anal sodomy.[1] The police were notified, and a search warrant was obtained for Henry's truck; during the search police found a laptop computer which contained both images and links to pornography, some of which were introduced into evidence at trial.

Henry denied the allegations, and his defense at trial was that Lamb and the mother had coached the child and fabricated the charges because he had ended his relationship with the mother, thus denying her a means of support, contentions that the jury chose to reject in convicting Henry of all the charges brought against him.

1. In his first enumeration of error, Henry argues that his trial counsel was ineffective for failing to object or move for a mistrial when the laptop computer found

---

[1] Both the terms "dong-dong" and "ding-dong" were used by the witnesses in describing what the child said, or in describing what they were told the child said; however, it was the fact that the child used a different term in his interview with the forensic interviewer that formed part of Henry's defense.

during the search was introduced into evidence at trial and urges further that the trial court erred by admitting this evidence. But the record and transcript show that trial counsel sought to exclude the computer and the images and links through a pre-trial motion to suppress and a motion in limine, both of which the trial court denied, obviating the need for him to object again at trial. *Herring v. State*, 288 Ga. App. 169, 173 (2) (a) (653 SE2d 494) (2007); *Kilgore v. State*, 247 Ga. 70 (274 SE2d 332) (1981). Further, it was clarified at the motion for new trial hearing that it was understood by the parties that trial counsel never acquiesced in the trial court's adverse rulings on the admissibility of the evidence and that he had a continuing objection to the evidence. And, as the trial court noted, the laptop was merely exhibited to the jury and it was not accessed during the trial, and the images and links found on the computer were not displayed to the jury via that computer, but were introduced as separate exhibits at trial. Because the record and transcript belies Henry's contention that trial counsel failed to object to this evidence, and because, in any event, we discern no error in the admission of the laptop, we find Henry's first enumeration to be without merit.

2. Henry next contends that his trial counsel was ineffective because he failed to make a hearsay objection to the investigating officer's testimony concerning

3

statements that Lamb and the mother made to him recounting the allegations of the victim. But the mother and Lamb both testified concerning what the victim told them, and "[t]he failure to object to evidence which is merely cumulative of other admissible evidence does not amount to ineffective assistance of counsel." (Footnote citation omitted.) *Woods v. State*, 304 Ga. App. 403, 411 (4) (a) (ii) (696 SE2d 411) (2010). Further, trial counsel testified at the motion for new trial hearing that his trial strategy was to highlight the inconsistencies between what Lamb and the mother said the victim told them and what the victim subsequently told the forensic interviewer, specifically that he did not use the same terms in describing what Henry did to him. According to counsel, this was part of his overall trial strategy, which was to show that the charges were fabricated by the mother and Lamb to get back at Henry because he was leaving the mother because of her relationship with Lamb and cutting off her financial support.

> The decision of whether to interpose certain objections is a matter of trial strategy and tactics. Trial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them.

4

(Citation and punctuation omitted.) *Gray v. State*, 291 Ga. App. 573, 579 (2) (662 SE2d 339) (2008).

In light of the circumstances of this case, we do not deem trial counsel's strategy to be patently unreasonable, and thus we find this enumeration also to be without merit.

3. In his third and fourth enumerations of error, Henry contends that trial counsel should have made a hearsay objection to the mother's testimony and to Lamb's testimony recounting the allegations of molestation.

However, as stated in Division 2, trial counsel wanted this testimony admitted as part his trial strategy to show these witnesses fabricated the charges and coached the victim.

> When a defendant's complaint relates "to tactical judgments made by . . . (trial) counsel, . . . in the absence of a showing, and there is none in the present case, that the trial counsel's loyalty, integrity or best use of his ability is questioned, a new trial will not be granted on the ground that the defendant was not afforded competent representation." *Walker v. State*, 226 Ga. App. 292, 295 (12) (174 SE2d 440) (1970).

*Sledge v. State*, 312 Ga. App. 97, 103-104 (2) (b) (717 SE2d 682) (2011). Thus, these contentions are also unavailing.

4. Henry argues in his fifth enumeration of error that his trial counsel was ineffective because he failed to object and move for a mistrial when certain pornographic images from the laptop computer were introduced into evidence at trial. But, as stated in Division 1, trial counsel filed both a motion to suppress and a motion in limine seeking to exclude this evidence, and although counsel did not renew his objection when the laptop was introduced into evidence, out of an abundance of caution he did renew his objection when the images and links found on the computer were introduced as a separate exhibit later in the trial. Further, as stated in Division 1, at no point in the proceedings did the parties or the trial court labor under the impression that counsel had acquiesced in the admission of the evidence. This enumeration is thus also without merit.

5. Henry next argues that trial counsel should have made a hearsay objection to the forensic interviewer's testimony concerning her interview of the child; he additionally argues in his seventh enumeration of error that trial counsel was ineffective because he did not object to the admission of the child's taped statement on hearsay grounds or as violative of his confrontation clause rights. Again, however, trial counsel testified that his trial strategy was to show the discrepancies between what the child was alleged to have said to Lamb and his mother and what he told the

6

interviewer. And he said he wanted the jury to see the videotape of the interview statement because the words the child used in the video were different than the ones his mother and Lamb said he used. Moreover, although Henry posits in his enumeration that counsel should have objected to admission of the child's taped statement because it violated his rights under the confrontation clause, he failed to support his confrontation clause argument with either argument or citation of authority, and it is clear in any event urging a confrontation clause violation would have been inconsistent with counsel's trial strategy.

> [T]he mere existence of a defendant's right to confront a witness at trial cannot be taken to mean that it is always in his interest to do so. A defendant's confrontation rights are not violated by his own counsel's failure to call a child molestation victim to the stand if that victim is available to testify at trial. *Williams v. State*, 290 Ga. App. 841, 842 (1) (660 SE2d 740) (2008). It is also clear that a decision as to whether a witness should testify is within "the realm of specific decisions regarding trial strategy" to which we afford "wide discretion." *Muller v. State*, 284 Ga. 70, 72 (663 SE2d 206) (2008).

*Robinson v. State*, 308 Ga. App. 45, 47 (2) (b) (706 SE2d 577) (2011).

6. Henry next contends that trial counsel was ineffective for failing to object to the trial court's determination that the child was present and available to testify

7

without further inquiring into the reliability of the victim's out-of-court statements. But counsel did not want the statements to be excluded in light of his trial strategy to show that the victim had been coached. Further, we have previously held that OCGA § 24-3-16 does not require a hearing to determine indicia of reliability prior to the introduction of the testimony or evidence. And there is no requirement that the trial court make an explicit finding of sufficient indicia of reliability prior to the admission of the child's out-of-court statements. *Adams v. State*, 288 Ga. 695, 702 (707 SE2d 359) (2011); *Robinson v. State*, 308 Ga. App. at 47 (2) (a); *Xulu v. State*, 256 Ga. App. 272, 275 (4) (568 SE2d 74) (2002). This enumeration is thus also without merit.

7. Lastly, Henry contends that trial counsel was ineffective for failing to object to similar transaction testimony, specifically a reference that Henry may have molested the victim's brother, who was also his girlfriend's child and lived with them. The transcript shows this reference to another molestation was elicited by trial counsel during a portion of his cross-examination of the lead investigator when he asked the investigator to read Lamb's statement to the jury so he could bring out discrepancies between what Lamb told him and what the victim subsequently told the interviewer, and we have already determined that trial counsel's trial strategy was not unsound. Although in hindsight it would have been the better practice to have the

8

references to another molestation redacted from the statement before the officer read it, even assuming that counsel rendered deficient performance for failing to do so, we must still consider whether, but for this deficiency, there was a reasonable probability that the outcome of his trial would have been different. *Robinson*, 308 Ga. App. at 46 (2) (precedential value only as to Division 2 (d)). Here, while we cannot say the evidence was overwhelming, it did include more than just the allegations made in the initial outcry. For instance, the child's added details during the forensic interview such as the fact that lotion was used during the molestation and that "white magic stuff" came out. Additionally, the pornographic images from Henry's computer contained titles such as "Boy Boys Orgy," and the computer report showed that there were files and links to sites which included references to acts of oral and anal sodomy involving teens and boys. In light of this strong evidence, and the fact that there was no other mention of the other molestation during the trial, we find that Henry has failed to meet his burden of showing a reasonable probability that the outcome of the trial would have been more favorable to him had this testimony been excluded. *Armour v. State*, 290 Ga. 553, 556 (2) (c) (722 SE2d 751) (2012); see also *Reed v. State*, __ Ga. __ (4) (b) (Case Number S12A0443, decided April 24, 2012).

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*